UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 JBA

ALLSTATE INSURANCE COMPANY and )
ALLSTATE INDEMNITY COMPANY )
    Plaintiffs, )
)
v. )
)
ARTHUR M. SEIGEL, M.D., )
ARTHUR M. SEIGEL, M.D., P.C., )
and ELLEN SEIGEL, )
    Defendants. )

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY stipulated and agreed, by and between the undersigned counsel for the parties hereto and Ordered by this Court as follows:

I.    A.    This Confidentiality Stipulation ("Stipulation") governs the handling of all medical invoices, medical reports, private health information, medical record information, proprietary software and technical trade secrets produced, whether voluntary or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summaries (collectively "Material") in connection with this action.

    B.    The provisions of this Stipulation shall apply to (1) the Parties and their counsel to this action, (2) court reporters and court personnel, and (3) any person who agrees to be bound by the terms of this Stipulation. As used herein, "Person" includes the named Parties and others who have agreed to be bound by this Stipulation. "Parties" is limited to the named Parties in this action.

II.    A.    Any Party who provides, serves, discloses or files any Material in connection with this action, and who in good faith believes such Material contains private

health information, trade secrets or proprietary technical or financial information ("Designator"), may mark such Material as "CONFIDENTIAL MATERIAL." The Material so designated shall be deemed "Confidential Material" subject to this Stipulation. This Stipulation shall not apply to information or tangible items obtained by means independent of voluntary production by another Party, discovery or other proceedings in this action. The restrictions set forth in this Stipulation shall not apply to information or tangible items which at or prior to disclosure in this action, are or were within public knowledge, or which, after disclosure, come within public knowledge other than by act or omission of the one receiving the Material or its agents, consultants or attorneys.

B. Any non-Party may designate any of its Material produced in connection with this action as Confidential Material, and it shall then be treated as if it were so designated by any Party hereto.

C. Notwithstanding II. A-B above, all medical patient or private health Material produced or divulged directly or indirectly, through written discovery in the prosecution and/or defense (including appeals) of this action shall automatically be deemed "CONFIDENTIAL MATERIAL" without the requirement that such MATERIAL be so designated.

III. Confidential Material shall be subject to the following restrictions:

A. Confidential Material shall be used only for the limited purpose of the prosecution and/or defense of this action (including appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, to anyone except those persons specified in subparagraph III.B.

B. Confidential Material may be disclosed solely for the purposes set forth above, only to:

(1) Counsel of record and any other legal counsel for the Parties in this action, including expert witnesses, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counselor or expert witnesses who are assisting in the conduct of this action. Before disclosure to a potential expert witness, that person would execute a non-disclosure agreement (a copy of which is annexed hereto at A) consistent with the limitations of this Stipulation;

(2) The Court and court personnel (including court reporters);

(3) Any person upon written consent of the Designator;

(4) Former employees of the Designator called as witnesses for testimony in deposition or at trial but only to the extent that such Materials refer to, relate or reflect events, which occurred prior to or during that employment.

C. All submissions to the Court which incorporate or disclose Confidential Material shall be labeled on the cover page and filed with the Clerk and submitted to the Court in a sealed container with the caption of this action and the words "SEALED-SUBJECT TO PROTECTIVE ORDER DATED _____," and the following statement: "This contains (description of contents, e.g., Motion for Summary Judgment) which incorporates Confidential Material, and is not to be opened nor are its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of the Court."

D. The designation of Material as Confidential Material shall not itself affect the rights of the Designator (or the Designator's authorized representative) to give or disclose the Material to any Person for any reason.

IV. Each Person given access to Confidential Material pursuant to this Stipulation (except the Court and court personnel, including court reporters) shall be

advised that: (1) the Confidential Material is being disclosed pursuant to the terms hereof; and (2) the violation of the terms of the Stipulation (by use of the Confidential Material for business purposes or in any other impermissible manner) will subject the person to punishment, including possible sanctions by the United States District Court, and shall be provided with a copy of this Stipulation. Any such Person to be given access to Confidential Material must first read the Stipulation, and must execute a declaration in the form attached as Exhibit A.

     V.    Confidential Material (with the exception of Material disclosed through discovery which does not require designation, as set forth in II.C., above) shall be designated as follows:

     A.    In the case of documents, designation shall be made by placing the words "CONFIDENTIAL MATERIAL," on at least the first page of the document prior to production. Documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Material will then be marked as Confidential Material after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked Confidential Material pursuant to this procedure.

     B.    With respect to deposition testimony:

     1.    The Party or non-Party giving the testimony shall designate in writing within ten (10) calendar days of the Party's or non-Party's receipt of the transcript the portions, if any, of the transcript that the Party or non-Party considers to contain Confidential Material. Such designation may also be made during the

depositions. During the ten-day period after receipt of the transcript, the entire transcript shall be treated as confidential until the Party or non-Party giving the testimony shall serve its written designations. If no written designations are served within the ten-day period and no agreement among the Parties to extend this ten-day period has been reached, the transcript shall lose its presumptive confidential status.

        2.     Confidential Information may be used without further order of this Court at the deposition of any person, consistent with the limitations provided by this Stipulation.

        3.     The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order.

    VI.     A.     No Party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any Party may at any time move for relief from the provisions of this Stipulation with respect to specific Material. Opposition to any such motion shall be due within ten (10) business days of service.

        B.     A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL MATERIAL," at the time made, and failure to do so shall not preclude a subsequent challenge. If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may

apply for a ruling from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise.

C.  Any Designator may, at any time, withdraw the "CONFIDENTIAL MATERIAL," designation of any Confidential Material by that Designator.

VII.  This Stipulation shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Stipulation.

VIII.  Within thirty (30) days after final termination of this litigation, including appeals if any, counsel for each of the Parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Material in its possession, except counsel for the Parties may keep pleadings, motion papers, transcripts, exhibits and correspondence, and the like. This Stipulation shall survive the final termination of this litigation to the extent that the Confidential Material is not, or does not become, known to the public through no fault of any recipient of the Confidential Material hereunder.

IX.  Nothing in this Stipulation shall prohibit the transmission or communication of Confidential Material between or among qualified recipients by hand delivery or face-to-face conference, or in sealed envelopes or containers via the mails or an established freight, delivery or messenger service, or by telephone, telegram, facsimile, or other electronic transmission system, including electronic mail, if under the circumstances there is no reasonable likelihood that the transmission will be intercepted or misused.

X.  All counsel shall confer among themselves concerning measures, which should be taken during pretrial and trial of this cause to satisfy the requirement of

confidentiality consistent with the right of all Parties to present all evidence necessary for a proper resolution of this cause. Counsel shall use their best efforts to prepare their cases with the objective that there will be no needless use, revelation or disclosure of Confidential Material. Otherwise, nothing contained herein shall preclude any party from offering into evidence at trial any document, testimony or material designated as confidential and, unless the Court shall otherwise order, such document, testimony or material that is otherwise admissible shall be admitted into evidence and become a part of the public record in this action,

XI.     Each Party, Designator and Person bound by this Stipulation shall be entitled to request modification of this Stipulation for good cause on notice to all Parties and any affected Designator. Prior to any such request for modification, counsel shall attempt to reach agreement. Should the Parties not be able to reach an agreement regarding any proposed modifications in accordance with this Section XII, the Parties agree to submit the dispute to the Court for binding resolution.

XII.    Production or disclosure of Confidential Material under this Stipulation shall not prejudice the right of any Person making that production or disclosure to maintain the confidentiality of that Material in other contexts.

XIII.   The court retains the right, upon notice to the parties, to allow disclosure of any subject covered by this Confidentiality Stipulation and Protective Order for cause shown and to modify this Confidentiality Stipulation and Protective Order at any time in the interest of justice.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 11/3/03

| | |
|---|---|
| Arthur M. Seigel<br>Ellen Seigel<br>Arthur M. Seigel, P.C.<br><br>By their Attorney,<br><br>_____<br>Ira B. Grudberg, Esq.<br>Federal Bar No. CT00178<br>Jacobs, Grudberg, Belt & Dow, P.C.<br>350 Orange Street<br>P.O. Box 606<br>New Haven, CT  06503-0606 | Allstate Insurance Company and<br>Allstate Indemnity Company<br><br>By their Attorneys,<br><br>_____<br>David O. Brink<br>Federal Bar No. CT23989<br>Richard D. King, Jr.<br>Federal Bar No. CT23997<br>Nathan A. Tilden<br>Federal Bar No. CT24011<br>Smith & Brink, P.C.<br>122 Quincy Shore Drive<br>Quincy, MA  02171<br><br><br>Joel Rottner, Esq.<br>Federal Bar No. CT05612<br>Skelley Rottner, P.C.<br>P.O. Box 340890<br>Hartford, CT  06134 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 JBA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and<br>ALLSTATE INDEMNITY COMPANY<br>    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) |
| ARTHUR M. SEIGEL, M.D.,<br>ARTHUR M. SEIGEL, M.D., P.C.,<br>and ELLEN SEIGEL,<br>    Defendants. | )<br>)<br>)<br>) |

## ACKNOWLEDGMENT

I, _____, acknowledge that I have received and read a copy of the attached Confidentiality Stipulation and Protective Order, I agree to comply with and be bound by this Stipulation; I hereby submit to the jurisdiction of the United States District Court for the District of Connecticut with respect to any proceeding arising out of any claim of violation of the Confidentiality Stipulation and Protective Order.

Dated this _____ day of _____, 2003.

_____

**EXHIBIT A**

## CERTIFICATE OF SERVICE

I, Richard D. King, Jr., attorney for the plaintiffs, hereby certify that I mailed, first class mail, postage prepaid a copy of the documents listed below to:

Ira B. Grudberg, Esq.
David L. Belt, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503-0606

Honorable Joan G. Margolis
U.S. Magistrate Judge
United States District Court
For The District of Connecticut
141 Church Street, Room 303
New Haven, CT 06510

Joel Rottner, Esq.
Skelly & Rottner, P.C.
433 S. Main St.
West Hartford, CT 06610-1670

1. Confidentiality Stipulation and Protective Order;
2. Acknowledgment; and
3. Motion for Confidentiality Order

Richard D. King, Jr.

Dated: _____