UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 MRK

ALLSTATE INSURANCE COMPANY and )
ALLSTATE INDEMNITY COMPANY )
    Plaintiffs, )
 )
v. )
 )
ARTHUR M. SEIGEL, M.D., )
ARTHUR M. SEIGEL, M.D., P.C. )
and ELLEN SEIGEL, )
    Defendants. ) FEBRUARY 18, 2005

**DEFENDANT ARTHUR M. SEIGEL'S LOCAL RULE 56(a)(2) STATEMENT**

I.    Response to Plaintiffs 56(a)(1) Statement

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Denied as stated. It is admitted, however, that patients with similar injuries received similar treatment. [Ex. A, ¶ 12].

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Admitted only as to Needle EMG fraud, as set forth in Dr. Segel's Plea Agreement and Stipulation of Offense. [Pl. Ex. D]. Denied as to any alleged Nerve Conduction Fraud, Misleading Diagnosis Fraud, or Pattern Diagnosis Fraud. [Ex. A ¶¶ 6-12].

12. Admitted only as to Needle EMG fraud, as set forth in Dr. Segel's Plea Agreement and Stipulation of Offense. [Pl. Ex. D]. Denied as to any alleged Nerve Conduction Fraud, Misleading Diagnosis Fraud, or Pattern Diagnosis Fraud. [Ex. A ¶¶ 6-12].

13. Admitted.

14. Admitted as to "insurers." Defendant has no knowledge as to whether Allstate received false bills or how many, but it almost certainly received some. [Pl. Ex. B ¶ 20].

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted only as to Needle EMG fraud, as set forth in Dr. Segel's Plea Agreement and Stipulation of Offense. [Pl. Ex. D]. Denied as to any alleged Nerve Conduction Fraud, Misleading Diagnosis Fraud, or Pattern Diagnosis Fraud. [Ex. A ¶¶ 6-12].

19. Admitted.

20. Admitted.

21. Denied. Mr. Bruno's affidavit states that "some" of Dr. Seigel's former patients have executed such affidavits. It does not state that "many" of them have. [Pl. Ex. A ¶ 9].

22. It appears that this paragraph was intended to reference a different paragraph but instead references itself. Defendant therefore reserves the right to answer until the reference is clarified.

23. Denied. [Ex. A in its entirety. See also Defendant Arthur Seigel's Opposition to Plaintiffs Motion for Summary Judgment detailing why Allstate's proof as to these allegations is insufficient].

24. Admitted only as to a small number of fraudulent Needle EMG bills.

II. **Disputed Material Facts**

1. Dr. Seigel took no part in the determination of Allstate's restitution award and made no admission related to that amount. Ex. A ¶ 3-5.

2. Only a small percentage of the Needle EMG tests Dr. Seigel billed for were not, in fact performed. Ex. A ¶ 6.

3. Any patient who needed a Needle EMG test received one. The small percentage of false bills arose only in cases where the patient at issue clearly did not need a Needle EMG. Ex. A ¶ 7.

4. Any Needle EMG record in which there are positive findings was in fact performed. Ex. A ¶ 8.

5. Dr. Seigel only billed for nerve conduction studies which were in fact performed. Ex. A ¶ 9.

6. When conducting nerve conduction studies, it was Dr. Seigel's practice to record amplitude measurements only when findings were positive. Since the amplitude is irrelevant to a clinically insignificant finding, those measurements were not recorded in every case. This practice is common among medical professionals and entirely appropriate. Ex. A ¶ 10.

7. Dr. Seigel never artificially inflated a patient's medical injuries in a report or otherwise wrote reports that were misleading or intentionally inaccurate. Ex. A ¶ 11.

8. Dr. Seigel never created false reports by making "pattern diagnoses" without regard to a patient's signs and symptoms. The patients he saw at his practice (Arthur M. Seigel, P.C.) tended to have similar injuries because similar incidents gave rise to their need for medical attention. It is common and entirely appropriate for medical professionals to use similar language to describe similar injuries. Ex. A ¶ 12.

THE DEFENDANT,
ARTHUR M. SEIGEL, M.D.

By _____
Joshua D. Lanning (ct 24529)
JACOBS, GRUDBERG, BELT, DOW & KATZ P.C.
350 Orange Street, P.O. Box 606
New Haven, CT 06503
Phone: (203) 772-3100
Fax: (203) 772-1691
E-Mail: jlanning@jacobslaw.com

## CERTIFICATION

I hereby certify that the foregoing Defendant Arthur Seigel's Opposition To Plaintiffs' Motion For Partial Summary Judgment has been served by placing a copy thereof in the United States mail, first class postage prepaid, addressed to:

Joel Rottner, Esq.
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134-0890

David O. Brink, Esq.
Richard D. King, Jr., Esq.
Nathan A. Tilden, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive, 2nd Floor
Quincy, MA 02171

this 18th day of February, 2005.

Joshua D. Lanning