UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY<br>Plaintiffs,<br><br>v.<br><br>ARTHUR M. SEIGEL, M.D.,<br>ARTHUR M. SEIGEL, M.D., P.C.<br>and ELLEN SEIGEL,<br>Defendants. | )<br>)<br>) C. A. NO. 303 CV 0577 MRK<br>)<br>)<br>)<br>)<br>) MAY 16, 2005<br>)<br>) |

**MOTION FOR MODIFICATION OF JOINT PROPOSED
DISCOVERY SCHEDULE OF THE PARTIES DATED APRIL 22, 2004**

Defendants represent to the court, and move as follows:

1. The original Joint Proposed Discovery Schedule provided for completion of all fact discovery, excluding depositions of expert witnesses, by February 28, 2005. Without objection by defendants, plaintiffs have conducted more than 20 fact depositions since March 1, and a couple more are tentatively scheduled for May 19th, the date of the hearing on the Summary Judgment Motion before the court.

2. Defendants have been even more unable to comply with the original agreed discovery schedule.

3. The undersigned's next senior partner was diagnosed at Christmas time with esophageal cancer. Since that time, although he has worked much of the time, he has had to spend most of his time turning over files of his to others, and doing lengthy

memos on complex cases in preparation for serious surgery following chemo and radiation.

4. The undersigned has been on trial and has been tied up working more than 70 hours per week throughout the past year. In addition to complying with discovery and attending depositions of the plaintiffs -- trial preparation and other matters have made it virtually impossible to devote as much time as I would have liked to this file. Dr. Seigel's move from the state has also made it very difficult to line up neurologic experts. Finally, the associate on the file was tied up responding to plaintiffs' Summary Judgment Motion in addition to covering some of the depositions and carrying a very heavy load otherwise.

5. Defendants need to take just one significant fact deposition, of the appropriate head of the Allstate Special Investigations Unit. That has been noticed for next Monday, but we have every reason to believe we will be unable to go forward on that date, or to complete it. There may well be arguments about production of documents demanded for the deposition.

6. Similarly, we have noticed depositions of Allstate's two experts for the week before May 31st, but both of them are out of state, and we expect there will be difficulties getting those done -- almost certainly not before the end of May.

7. The case involves in depth study of more than 250 Allstate files, many of which were voluminous. In going through those, it turns out that we do not have entire files in a number of cases. Notwithstanding our non-objection to the more than 20 late

2

fact depositions, we are informed by defense counsel that plaintiffs object to any extension of time on the discovery schedule.

8. It is defendants' intention to file a Summary Judgment Motion, but we will need careful finishing of the Allstate experts. Much of the legal theories were briefed earlier on the Motion to Dismiss, but for summary judgment purposes, there is much work to be done and facts to sift through in order to present it appropriately to the court.

We respectfully move that the court extend the discovery schedule completion date until July 31, 2005, without differentiation as to what the parties can do during that period. Accordingly, we would request time until September 30, 2005 to file our Motion for Summary Judgment, which will be forthcoming. The case is very complex, both factually and legally, and we believe the interests of justice support our request.

Dated at New Haven this 16th day of May, 2005.

> THE DEFENDANTS
> ARTHUR M. SEIGEL, M.D.; ARTHUR M. SEIGEL, P.C.; ELLEN SEIGEL
>
>
> By_____
>   Ira B. Grudberg (ct00178)
>   David L. Belt
>   Joshua D. Lanning (ct24529)
>   JACOBS, GRUDBERG, BELT & DOW, P.C.
>   350 Orange Street
>   New Haven, Connecticut 06503
>   Telephone No. (203) 772-3100
>   Facsimile No. (203) 772-1691
>   email: igrudberg@jacobslaw.com

## CERTIFICATION

I hereby certify that the foregoing Motion to Modify Schedule has been served by placing a copy thereof in the United States mail, first class postage prepaid, this 16th day of May, 2005, addressed to:

Joel Rottner, Esq.
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134-0890

And also faxed and mailed to:

David O. Brink, Esq.
Richard D. King, Jr., Esq.
Nathan A. Tilden, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive, 2nd Floor
Quincy, MA 02171

Ira B. Grudberg