**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

**C. A. NO.  303 CV 0577 MRK**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY and** | ) |
| **ALLSTATE INDEMNITY COMPANY** | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ARTHUR M. SEIGEL, M.D.,** | ) |
| **ARTHUR M. SEIGEL, M.D., P.C.,** | ) |
| **and ELLEN SEIGEL,** | ) |
|     **Defendants.** | ) |

**PLAINTIFFS' OPPOSITION TO MOTION FOR MODIFICATION OF JOINT**
**PROPOSED DISCOVERY SCHEDULE OF THE PARTIES**
**DATED APRIL 22, 2004**

**I.      INTRODUCTION**

Now come the plaintiffs, Allstate Insurance Company and Allstate Indemnity Company, (collectively hereinafter referred to as "Allstate") in the above-entitled matter in opposition to defendants' Motion for Modification of Joint Proposed Discovery Schedule of the Parties dated April 22, 2004.  Defendant requests that the Court extend the discovery schedule an additional sixty (60) days until July 31, 2005, "without differentiation as to what the parties can do during that period."  In addition, defendants request a further extension until September 30, 2005, to file their Motion for Summary Judgment.  Allstate opposes defendants' motion whereas defendants have had ample opportunity to complete discovery within the generous time allotted by the Court in its Scheduling Order dated May 19, 2004, and have failed to do so.

## II. RELEVANT PROCEDURAL HISTORY AND BACKGROUND

On April 1, 2003, Allstate filed its Complaint. Docket No. 1. At the time of filing, counsel was handed an Order on Pre-Trial Deadlines providing a discovery deadline of October 1, 2003. Docket No. 2. On May 22, 2003, Allstate filed its Motion for a Prejudgment Remedy together with the Affidavit of Neil Amdur Busis, M.D. (expert neurologist) and Herbert I. Weisberg, Ph.D. (expert statistician). Docket Nos. 15, 18-19. Accordingly, defendants were on notice that Allstate was relying on Neil Amdur Busis, M.D. and Herbert I. Weisberg, Ph.D. nearly two (2) years from the filing of defendants' instant motion.

On June 2, 2003, the defendants filed their first (unopposed) Motion for Extension of Time to Plead. Docket No. 24. On June 3, 2003, defendants filed a Motion to Extend the Time to File Form 26(f) Report. Docket No. 25. On June 5, 2003, the Court granted both defendants' Motion to Extend Time to Plead to July 3, 2003 and Motion to Extend Time to File Form 26(f) Report to July 11, 2003. Docket No. 25. On the same day, Allstate filed an Opposition to Defendants' Motion to Extend Time to File a Form 26(f) Report. Docket No. 26. The basis of its Opposition was that the ninety (90) day extension requested by the defendants would preclude plaintiffs from conducting any discovery within the first half of the six-month discovery deadline provided in the Order on Pre-Trial Deadlines.

On July 25, 2003, the Court issued a Second Notice to Counsel ordering that the parties file a Form 26(f) Report within ten (10) days. Docket No. 30.

On August 4, 2003, the defendants' filed their Motion to Dismiss. Docket No. 31. Allstate filed an Assented To Motion for Extension to File Form 26(f) Report on August

2

5, 2003. Docket No. 33. In the assented to motion, Allstate referenced the joint conference with Magistrate Judge Margolis wherein it was agreed that discovery related to Allstate's Application for Prejudgment Remedy shall be completed before October 1, 2003, and that the status conference be continued to October 9, 2003, to discuss the deadlines for additional phases of discovery.

On August 12, 2003, Magistrate Judge Margolis allowed Allstate's Motion to Extend Time to File the 26(f) Report. Docket No. 34. On August 22, 2003, the parties moved jointly for a thirty (30) day continuance on the status conference scheduled for October 9, 2003 and hearing on Allstate's Application for Prejudgment Remedy scheduled for November 3, 2003. Docket No. 37. Thereafter, on August 26, 2003, Magistrate Judge Margolis granted the requested relief and ordered that all discovery related to plaintiffs' PJR Application be completed by October 31, 2003 and the status conference would be scheduled before Magistrate Judge Margolis on November 3, 2003, at 10:00 a.m. Id.

On November 3, 2003, the Court issued its Memorandum of a Settlement Conference wherein Magistrate Judge Margolis ordered that "once defense counsel has received and reviewed copies of plaintiffs' files regarding the first-party claims, counsels are to arrange for a telephonic status conference to set deadlines for the completion of discovery regarding such claims." Docket No. 49. On November 11, 2003, the parties appeared for oral argument on defendants' Motion to Dismiss.

On November 25, 2003, Magistrate Judge Margolis issued her Memorandum of Discovery Conference wherein she ordered that all fact discovery regarding the first-party claims shall be completed on or about March 15, 2004. Docket No. 51. On

February 10, 2004, the parties moved jointly to extend the first-party discovery deadline. Docket No. 57. That Order was allowed by Magistrate Judge Margolis on February 17, 2004, ordering that all first-party claims be completed within ninety (90) days of the ruling on defendants' Motion to Dismiss. Docket No. 58. On March 30, 2004, this Court issued its decision on defendants' Motion to Dismiss. Docket No. 60.

On April 22, 2004, the parties filed their <u>proposed</u> Joint Discovery Schedule in compliance with the Court's Memorandum of Decision dated March 30, 2004. The parties' <u>proposed</u> Joint Discovery Scheduled provided in pertinent part, as follows:

    I.    DISCOVERY

           \* \* \*

    (b)    All fact discovery, excluding depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), shall be completed by **February 28, 2004**;

           \* \* \*

    (e)    The defendants will conduct fact depositions of Allstate's claim personnel; all fact-witness depositions will be completed by **February 28, 2005**;

    (f)    The plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **April 30, 2005.**

Depositions of all plaintiffs' experts will be completed by **May 30, 2005.** Plaintiffs have already submitted detailed Affidavits of two (2) experts in support of their Application for PJR.

    (g)    Defendants shall designate all trial experts and provide opposing counsel with the reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **April 30, 2005**.

>   Depositions of defense experts will be completed by **May 30, 2005**.

Docket No. 61.

On May 10, 2004, the parties engaged in a telephonic status conference regarding the parties' proposed Joint Discovery Schedule. Docket No. 63. During the telephonic conference, Judge Kravitz requested of both counsel that the parties strictly adhere to the discovery schedule and that all reasonable efforts be made to comply with the deadlines set therein. Specifically, Judge Kravitz warned the parties that he would be disinclined to allow any last minute extensions of discovery. Thereafter, on May 19, 2004, the Court issued its Scheduling Order which provides in pertinent part as follows:

> The Court having received the parties' Joint Proposed Discovery Schedule and having conferred with the parties telephonically, the following case management schedule shall apply:
>
> (1) **Discovery**: All discovery, including all discovery related to expert witnesses, will be completed (not just propounded) by **May 30, 2005**:
>
> * * *
>
> (2) **Expert Discovery**: Plaintiffs' expert reports be served by **April 30, 2005**. All depositions of plaintiffs' experts will be completed by **May 30, 2005**. Defendants' expert reports will be served by **April 30, 2005**, and all depositions of defendants' experts will be completed by **May 30, 2005.**
>
> (3) **Dispositive Motions:** Dispositive motions, if any, including all motions to exclude testimony of experts pursuant to Fed. R. Civ. P. 702-05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), shall be filed by **July 30, 2005.**
>
> * * *
>
> (6) **Status Conference:** A TELEPHONIC STATUS CONFERENCE WILL BE HELD ON **JUNE 13, 2005 at 8:30 a.m.** Plaintiffs' counsel initiated the

conference call. The parties will file a Joint Status Report (instructions attached) with the Clerk's Office no later than **June 6, 2005.**

**THE PARTIES ARE CAUTIONED THAT THE ABOVE DEADLINES ARE ORDERS OF THE COURT; THEY CAN BE MODIFIED ONLY BY THE COURT ITSELF AND NOT BY FORMAL CONSENT OF THE PARTIES. WHILE THE COURT ENCOURAGES PARTIES TO ENGAGE IN SETTLEMENT NEGOTIATIONS, THE PURSUIT OF SETTLEMENT NEGOTIATIONS, EVEN A REFERRAL TO A MAGISTRATE JUDGE FOR PURPOSES OF A SETTLEMENT CONFERENCE, DOES NOT RELIEVE THE PARTIES OBLIGATIONS TO ADHERE TO THESE DEADLINES ABSENT A COURT ORDER TO THAT EFFECT.**

**NO MODIFICATION OF THESE DEADLINES WILL BE GRANTED ABSENT A SHOWING OF GOOD CAUSE WHICH REQUIRES A PARTICULARIZED SHOWING THAT THE PARTY SEEKING THE EXTENSION HAS ACTED WITH DUE DILIGENCE AND THAT THE REASONS FOR THE MODIFICATION COULD NOT HAVE REASONABLY HAVE BEEN ANTICIPATED BY THE PARTIES WHEN THEY FILED THEIR PROPOSED CASE MANAGEMENT PLAN.**

See Scheduling Order dated May 19, 2004, a copy of which is annexed hereto at Tab 1.

On January 4, 2004, Allstate moved for partial summary judgment. Docket No. 64. Thereafter, defendants moved for an extension to file a response to Allstate's Motion for Summary Judgment. Docket No. 67. Allstate assented to the extension, which was later granted by the Court. Thereafter, on May 17, 2005, the defendants' filed the instant motion.

**III.    ARGUMENT**

This Court has broad discretion to decide discovery issues and to manage its docket. See <u>Glaxo, Inc. v. Boehringer Ingelheim Corp.</u>, 1996 U.S. Dist. Lexis 17828, *5 (D. Conn. Oct. 8, 1996) (holding that defendants could have responded within the discovery deadline and any extension thereof is a matter within the sound discretion of the court). Indeed, the Court has already, at the joint request of the parties, extended the discovery deadline provided in the Court's Order on Pre-Trial Deadlines. This case does not warrant any additional discovery extension and the defendants have failed to articulate any reasonable basis for such extension in their Motion for Modification. Moreover, in requesting said extension, defendants have failed to comply with the Scheduling Order which provides that:

> **NO MODIFICATION OF THESE DEADLINES WILL BE GRANTED ABSENT A SHOWING OF GOOD CAUSE WHICH REQUIRES A PARTICULARIZED SHOWING THAT THE PARTY SEEKING THE EXTENSION HAS ACTED WITH DUE DILIGENCE AND THAT THE REASONS FOR THE MODIFICATION COULD NOT HAVE REASONABLY HAVE BEEN ANTICIPATED BY THE PARTIES WHEN THEY FILED THEIR PROPOSED CASE MANAGEMENT PLAN.**

<u>See</u> Tab 1. The defendants' Motion for Modification is devoid of any particularized facts that they have acted with due diligence in attempting to comply with the Court's Scheduling Order. To the contrary, the defendants have sat on their rights for nearly one (1) year. During that time, defendants have conducted no discovery (written or deposition). Now at the eleventh hour, the defendants are seeking a "modification" of this Court's Discovery Order. The defendants' motion is procedurally incorrect. As an initial matter, the Court's Scheduling Order of May 19, 2004, trumps the parties' <u>proposed</u> discovery schedule dated April 22, 2004. The Court's Scheduling Order of

May 19, 2005 requires that all discovery be completed (not just propounded) by May 30, 2005.

Notwithstanding the foregoing, the plaintiffs will address of each of the bases offered in support of defendants' instant Motion.

Defendants' Motion for Modification, ¶1:   The original Joint Proposed Discovery Schedule provided for completion of all fact discovery, excluding depositions of expert witnesses, by February 28, 2005.  Without objection by defendants, plaintiffs have conducted more than 20 fact depositions since March 1, and a couple more are tentatively scheduled for May 19th the date of the hearing on the Summary Judgment Motion before the court.

Allstate's response to ¶1:  It appears as though the defendants are ignoring the Court's Scheduling Order.  Although all the facts contained within the above-referenced paragraph are true and accurate, they are irrelevant to the resolution of the instant motion.  The defendants must seek an extension of the Court's Scheduling Order dated May 19, 2005.  The Scheduling Order expressly provides that all fact depositions be completed by May 30, 2005.  It is irrelevant that the plaintiffs have conducted more than twenty (20) depositions since March 1.  Indeed, Allstate has litigated this matter in full compliance with the Court's Scheduling Order.

Defendants' Motion for Modification, ¶2:   Defendants have been even more unable to comply with the original agreed discovery schedule.

Allstate's response to ¶2:  Paragraph 2 of defendants' Motion for Modification articulates no basis (reasonable or otherwise) for the Court to exercise its discretion and

allow an extension of its Standing Order. Clearly, paragraph 2 is devoid of any particularized showing that the defendants have acted with due diligence.

Defendants' Motion for Modification, ¶3:     The undersigned's next senior partner was diagnosed at Christmas time with esophageal cancer. Since that time, although he has worked much of the time, he has had to spend most of his time turning over files of his to others, and doing lengthy memos on complex cases in preparation for serious surgery following chemo and radiation.

Allstate's response to ¶3: Allstate's sympathies are with counsel's partner. However, defendants made no effort in 2004 to complete discovery. In fact, they did not request any documents or conduct any depositions. Moreover, defendants have apparently been on notice since December 2004, that they were too busy and unable to complete discovery. Despite this Court's Scheduling Order and oral admonition to counsel regarding compliance therewith, defendants failed to conduct discovery.

Defendants' Motion for Modification, ¶4:     The undersigned has been on trial and has been tied up working more than 70 hours per week throughout the past year. In addition to complying with discovery and attending depositions of the plaintiffs -- trial preparation and other matters have made it virtually impossible to devote as much time as I would have liked to this file. Dr. Seigel's move from the state has also made it very difficult to line up neurologic experts. Finally, the associate on the file was tied up responding to plaintiffs' Summary Judgment Motion in addition to covering some of the depositions and carrying a very heavy load otherwise.

Allstate's response to paragraph ¶4: Allstate respects counsel's work ethic. However, defense counsel's thriving practice cannot constitute cause to alter this Court's

Order.  This is especially true where the parties were granted an extensive, mutually agreed-upon discovery period.  The defendants have wasted their time.  Their choice should not be used to prejudice Allstate or waste additional court time.  The fact that the defendants and their chosen counsel have been "unable to devote as much time" to this case should not be allowed to inure to Allstate's detriment.

Dr. Seigel's relocation to Naples, Florida is irrelevant.  The date by which the defendants were required to designate an expert pursuant to the Court's Scheduling Order has long since passed.  The Scheduling Order required the parties to designate experts and provide expert reports by April 30, 2005.  The defendants failed to do so and failed to seek leave of Court prior to the expiration of the Scheduling Order.  Moreover, in the instant motion, the defendants do not seek leave to file expert reports beyond the Scheduling Order.  In the event that the defendants do intend to designate an expert beyond the parameters of the Scheduling Order, Allstate objects to any such designation.  Not only did Allstate provide notification of disclosure of its experts almost two (2) years ago, it provided a detailed analysis of its experts' backgrounds, opinions and bases for such opinions.  Defendants have been on notice since ***May 2003*** that the plaintiffs were relying on an expert statistician (Herbert I. Weisberg, Ph.D.) and expert neurologist (Neil Amdur Busis, M.D.).  Despite such notification approximately twenty-four (24) months ago, defendants now suggest that they need time to seek a "neurologic" consult.

Lastly, the defendants claim that they are unable to comply with the Court's Scheduling Order whereas the associate on the file was "tied up responding to plaintiffs' Summary Judgment motion in addition to covering some of the depositions and carrying a very heavy load otherwise."  Again, defendants fail to articulate any reasonable basis

10

for an extension. Although the defendants through their lead counsel, informed Judge Kravitz, during the telephonic status conference of May 10, 2004, that defendants would make all reasonable efforts to comply with the Court's Scheduling Order, it appears that they have dedicated all of their resources during the last two (2) years to maintaining a very heavy case load -- which apparently does not include conducting discovery in this case.

      Defendants' Motion for Modification, ¶5:   Defendants need to take just one significant fact deposition, of the appropriate head of the Allstate Special Investigations Unit. That has been noticed for next Monday, but we have every reason to believe we will be unable to go forward on that date, or to complete it. There may well be arguments about production of documents demanded for the deposition.

      Allstate's response to ¶5:  On May 16, 2005, at approximately 1:20 p.m., Allstate received, via facsimile, a Notice of Deposition of William Somers, Claims Handler, Allstate Special Investigations Unit, or other representative/agent of plaintiffs who is best able to produce documents set forth in the Request to Produce.  The notice scheduled the deposition of the person most knowledgeable of Allstate's investigation of Dr. Seigel for May 23, 2005, at 9:00 a.m., less than seven (7) full days before said deposition.

      Fed. R. Civ. P. 30 provides as follows:

> A party desiring to take the deposition of any person upon oral examination shall give ***reasonable*** notice in writing to every other party to the action.
>
> \* \* \*
>
> The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition.  The procedure of Rule 34 shall apply to that request.

11

Rule 34 affords a party thirty (30) days to respond to a request for production of documents. Accordingly, it is Allstate's position, which is supported by the Federal Rules of Civil Procedure, that any deposition notice for its agents or employees requesting documents must be issued thirty (30) days in advance of the scheduled deposition date. It appears as though the defendants are attempting to circumvent the Court's Scheduling Order requiring that all discovery be completed by (not just propounded) by May 30, 2005. Clearly, the document request appended to the Notice of Deposition of Allstate's person most knowledgeable regarding its investigation could not have been propounded in the ordinary course of Fed. R. Civ. P. 34. Moreover, it is apparent from their motion that defendants do not even anticipate completing this single deposition in the time provided in the Scheduling Order.

<u>Defendants' Motion for Modification, ¶6</u>:   Similarly, we have noticed depositions of Allstate's two experts for the week before May 31st, but both of them are out of state, and we expect there will be difficulties getting those done -- almost certainly not before the end of May.

<u>Allstate's response to ¶ 6</u>:  On May 16, 2005, at approximately 1:20 p.m., Allstate received, via facsimile, Notices of Deposition of Christopher Erath, Ph.D. and Herbert I. Weisberg, Ph.D. The notices scheduled the depositions of Weisberg and Erath for Tuesday, May 24, 2005 and Thursday, May 26, 2005, respectively. Again, it is Allstate's position that a one (1) week notification does not satisfy the reasonable requirement of Rule 30. Moreover, for all of the reasons provided above, Allstate objects to providing any documents requested in the Request to Produce appended to the deposition notices.

In addition, many of the documents sought in the Request to Produce are not now, nor were they ever in the possession, custody or control of the deponents.

<u>Defendants' Motion for Modification, ¶7</u>:    The case involves in depth study of more than 250 Allstate files, many of which were voluminous. In going through those, it turns out that we do not have entire files in a number of cases. Notwithstanding our non-objection to the more than 20 late fact depositions, we are informed by defense counsel that plaintiffs object to any extension of time on the discovery schedule.

<u>Allstate's response to ¶7</u>:  Allstate is in full compliance with the Court's Scheduling Order and has not conducted any late discovery.  Allstate does not seek to conduct any late discovery (absent the Court allowing the defendants to do otherwise).  Allstate made the 250 Allstate claim files available for inspection and copying on November 14, 2003 (approximately eighteen (18) months ago).  Allstate objects to any extension of the discovery schedule whereas Allstate has conducted discovery in good-faith and exercised due diligence in complying with the Court's Scheduling Order.  The fact that the defendants have been busy is irrelevant.  The fact remains that they have had at least eighteen (18) months to analyze files and one (1) year to conduct depositions.  During the last twelve (12) months, they have not conducted one deposition or issued any written discovery in connection with this case.

<u>Defendants' Motion for Modification, ¶8:</u>    It is defendants' intention to file a Summary Judgment Motion, but we will need careful finishing of the Allstate experts. Much of the legal theories were briefed earlier on the Motion to Dismiss, but for summary judgment purposes, there is much work to be done and facts to sift through in order to present it appropriately to the court.

13

We respectfully move that the court extend the discovery schedule completion date until July 31, 2005, without differentiation as to what the parties can do during that period. Accordingly, we would request time until September 30, 2005 to file our Motion for Summary Judgment, which will be forthcoming. The case is very complex, both factually and legally, and we believe the interests of justice support our request.

Allstate's response to ¶8:  To the contrary, the interests of justice and fairness dictate that the Court uphold its generous discovery extension provided in its Scheduling Order and deny all relief sought in the defendants' Motion for Modification.  The fact that defendants intend to file a Motion for Summary Judgment is irrelevant with respect to discovery.  The defendants were on notice of Allstate's legal theory regarding proximate cause and supporting evidence when Allstate filed its Opposition to Motion to Dismiss.  In connection with its Opposition, Allstate detailed its legal theory and supporting expert evidence through Herbert I. Weisberg, Ph.D.  Defendants have sat on their rights and now seek to conduct the deposition of Dr. Weisberg out of time.

Moreover, Allstate objects to any extension of time for the defendants to file a Motion for Summary Judgment.  It appears based upon its Motion for Modification that the defendants will be filing a Motion for Summary Judgment based on the proximate cause issue.  As recognized in ¶8 of their Motion for Modification, much of the applicable legal theories were briefed early on.  Moreover, the defendants have failed to designate an expert statistician.  It is Allstate's position that the expert reports filed by Dr. Erath and Dr. Weisberg are sufficient without more to create a genuine issue of material fact sufficient to defeat summary judgment on the proximate cause issue. Moreover, since the Court's ruling on defendants' Motion to Dismiss, defendants have

failed to conduct any deposition, fact or otherwise, in an effort to further develop its legal theories and factual arguments outlined in their Motion to Dismiss.

## IV.     CONCLUSION

Allstate Insurance Company and Allstate Indemnity Company, respectfully request that this Court deny defendants' Motion for Modification of Joint Proposed Discovery Schedule of the Parties dated April 22, 2004.  This is not a case where both parties have abided by the Rules of Civil Procedure or the Scheduling Order of the Court. Indeed, at no point in their Motion for Modification do the defendants discuss, cite or otherwise refer to the Scheduling Order of the Court. Indeed, the defendants mislead the Court by providing irrelevant information regarding the Joint Proposed Discovery Schedule and erroneous information regarding the "late" depositions conducted by Allstate.  At all times, Allstate has exercised its due diligence and good faith in complying with the Federal Rules of Civil Procedure and this Court's Scheduling Order.

WHEREFORE, for all of the foregoing reasons, Allstate respectfully requests that this Honorable Court enter an Order:

      (a)    STAYING all discovery until the Court issues its ruling on defendants' Motion for Modification of Joint Proposed Discovery Schedule of the Parties dated April 22, 2004;

      (b)    DENYING the defendants' Motion for Modification of Joint Proposed Discovery Schedule of the Parties dated April 22, 2004;

      (c)    DENYING the defendants' request that the Court extend the discovery schedule until July 31, 2005;

(d) DENYING the defendants' request that the Court extend the discovery schedule without differentiation as to what the parties can do during the extension period;

(e) DENYING the defendants' request that they be allowed until September 30, 2005, to file their Motion for Summary Judgment;

(f) PRECLUDING the defendants from conducting the deposition of the Person Most Knowledgeable of Allstate's investigation of Dr. Seigel as untimely;

(g) PRECLUDING the defendants from seeking documents from the Person Most Knowledgeable of Allstate's investigation of Dr. Seigel for failure to comply with the Court's Scheduling Order and Fed. R. Civ. P. 34;

(h) PRECLUDING the defendants from conducting the deposition of Herbert I. Weisberg, Ph.D. as untimely;

(i) PRECLUDING the defendants from seeking documents from Dr. Weisberg for failure to comply with the Court's Scheduling Order and Fed. R. Civ. P. 34;

(j) PRECLUDING the defendants from conducting the deposition of Christopher Erath, Ph.D. as untimely;

(k) PRECLUDING the defendants from seeking documents from Dr. Erath for failure to comply with the Court's Scheduling Order and Fed. R. Civ. P. 34;

(l)     PRECLUDING the defendants from issuing any additional discovery at this late date as untimely;

(m)     PRECLUDING the defendants from designating expert statisticians whereas the time to designate pursuant to the Standing Order expired on April 30, 2005; and

(n)     PRECLUDING the defendants from designating expert neurologists whereas the time to designate pursuant to the Standing Order expired on April 30, 2005.

                        Respectfully Submitted,
                        *Allstate Insurance Company,*
                        By Its Attorneys,

                        _____
                        David O. Brink
                        Federal Bar No. CT23989
                        Richard D. King, Jr.
                        Federal Bar No. CT23997
                        Nathan A. Tilden
                        Federal Bar No. CT24011
                        Smith & Brink, P.C.
                        122 Quincy Shore Drive
                        Quincy, MA  02171
                        Tel.     (617) 770-2214

                        Joel Rottner, Esq.
                        Federal Bar No. CT05612
                        Skelley Rottner, P.C.
                        P.O. Box 340890
                        Hartford, CT 06134

                        Dated:  May 19, 2005

## **CERTIFICATE OF SERVICE**

      I, Richard D. King, Jr., attorney for the plaintiffs, Allstate Insurance Company and Allstate Indemnity Company, hereby certify that I hand-delivered a copy of the document listed below to:

Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503-0606

      and delivering a copy thereof, via first-class mail direct to:

Joel Rottner, Esq.
Skelly & Rottner, P.C.
433 S. Main St.
West Hartford, CT 06610-1670

- *Plaintiffs' Opposition To Motion For Modification Of Joint Proposed Discovery Schedule Of The Parties Dated April 22, 2004*

                                                                                   _____
                                                                                   Richard D. King, Jr.

Dated:  May 19, 2005