UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO.  303 CV 0577 MRK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and | ) |
| ALLSTATE INDEMNITY COMPANY | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ARTHUR M. SEIGEL, M.D., | ) |
| ARTHUR M. SEIGEL, M.D., P.C., | ) |
| and ELLEN SEIGEL, | ) |
|     Defendants. | ) |

**PLAINTIFFS' SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS
PURSUANT TO LOCAL RULE 56(a)1**

The plaintiffs, Allstate Insurance Company and Allstate Indemnity Company, (collectively hereinafter referred to as "Allstate") submit the within Supplemental Statement of Undisputed Facts to assist the Court in rendering its decision on plaintiffs' Motion for Partial Summary Judgment against Arthur M. Seigel, M.D. (hereinafter "Dr. Seigel").

The oral depositions of Dr. Seigel and Ellen Seigel were concluded on April 26, 2005.  The oral depositions of former Dr. Seigel patients/Allstate claimants, Natalia Dias, Joseph Duro, Thomas M. Hughes, Jr., Merrill G. Sherman, Louverta Knox, Daniel Ranno, Suzanna Kerluka, Robert T. Lynch II, Diane Rankine, Stephen Overby, Barbara DeMayo, Albert Messore, Christine McDowell, Yah Glaude, Nancy Negron, Marta Berniak and Darren Roczynski, were conducted between May 9-13, 2005.  Plaintiffs received the transcripts in connection with these depositions within the last several days.  Defense counsel has also been provided with the transcripts of the deponents.

These recently concluded depositions contain material evidence relevant to this Court's consideration of Allstate's Motion for Partial Summary Judgment as follows:

1. Based on Seigel, P.C.'s customary charge of $140.00 per needle EMG test, Dr. Seigel created false medical documentation in connection with 40+ percent of his patients in connection with which he sought payment for needle EMG testing. Excerpt of Deposition of Arthur M. Seigel, M.D. dated April 25, 2005 (hereinafter "AMS Depo., at __"), at 321; Tab A.

2. Dr. Seigel submitted false medical documentation that was misleading and intentionally inaccurate. AMS Depo., at 345-347; Tab A.

3. In connection with the false medical documentation created by or caused to be created by Dr. Seigel, he lied to his patients, referring physicians and insurance carriers. AMS Depo., at 345-347; Tab A.

4. Other than in cases where he claims to have performed a test that produced "an abnormal" result, Dr. Seigel has no basis to contest and/or rebut the statements of Allstate's affiants made part of the record by way of the Affidavit of Michael Bruno, filed in support of plaintiffs' Motion for Partial Summary Judgment Against Arthur M. Seigel, M.D. AMS Depo., at 353; Tab A

5. Every patient file in connection with Dr. Seigel's practice generated multiple mailings. Excerpt of April 26, 2005 Deposition of Ellen M. Seigel (hereinafter "EMS Depo., at ___") at 50-53; Tab B.

6. Seigel, P.C. never altered its collection practices with respect to invoices containing charges for needle EMG testing after Dr. Seigel became aware of the United States investigation at the time of the U.S. Attorney's

    Office's execution of the search warrant in August 2000. Seigel, P.C. continued to collect on bills containing any such charges. EMS Depo., at 126-127; Tab B.

7. Former Seigel patient/Allstate claimant, Natalia Dias, testified during her oral deposition on May 9, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Natalia Dias Deposition, May 9, 2005, pgs. 8-9; Tab C.

8. Former Seigel patient/Allstate claimant, Joseph Duro, testified during his oral deposition on May 9, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Joseph Duro Deposition, May 9, 2005, pgs. 10-11, 16; Tab D.

9. Former Seigel patient/Allstate claimant, Thomas M. Hughes, Jr., testified during his oral deposition on May 9, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Thomas M. Hughes, Jr. Deposition, May 9, 2005, pg. 11; Tab E.

10. Former Seigel patient/Allstate claimant, Merrill G. Sherman, testified during his oral deposition on May 9, 2005. that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Merrill G. Sherman Deposition, May 9, 2005, pgs. 7-8; Tab F.

11. Former Seigel patient/Allstate claimant, Louverta Knox, testified during her oral deposition on May 11, 2005, that she did not receive any testing

from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Louverta Knox Deposition, May 11, 2005, pg. 11; Tab G.

12. Former Seigel patient/Allstate claimant, Daniel Ranno, testified during his oral deposition on May 12, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Daniel Ranno Deposition, May 12, 2005, pgs. 5-6; Tab H.

13. Former Seigel patient/Allstate claimant, Suzanna Kerluka, testified during her oral deposition on May 12, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Suzanna Kerluka Deposition, May 12, 2005, pgs. 8-9; Tab I.

14. Former Seigel patient/Allstate claimant, Robert T. Lynch II, testified during his oral deposition on May 12, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Robert T. Lynch II Deposition, May 12, 2005, pgs. 7-8; Tab J.

15. Former Seigel patient/Allstate claimant, Diane Rankine, testified during her oral deposition on May 12, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Diane Rankine Deposition, May 12, 2005, pg. 8; Tab K.

16. Former Seigel patient/Allstate claimant, Stephen Overby, testified during his oral deposition on May 12, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Stephen Overby Deposition, May 12, 2005, pg. 6; Tab L.

17. Former Seigel patient/Allstate claimant, Barbara DeMayo, testified during her oral deposition on May 12, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s).  Barbara DeMayo Deposition, May 12, 2005, pg. 6; Tab M.

18. Former Seigel patient/Allstate claimant, Albert Messore, testified during his oral deposition on May 13, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s).  Albert Messore Deposition, May 13, 2005, pg. 8; Tab N.

19. Former Seigel patient/Allstate claimant, Christine McDowell, testified during her oral deposition on May 13, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s).  Christine McDowell Deposition, May 13, 2005, pgs. 9-10; Tab O.

20. Former Seigel patient/Allstate claimant, Yah Glaude, testified during her oral deposition on May 13, 2005 that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s).  Yah Glaude Deposition, May 13, 2005, pgs. 9-10; Tab P.

21. Former Seigel patient/Allstate claimant, Nancy Negron, testified during her oral deposition on May 13, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s).  Nancy Negron Deposition, May 13, 2005, pgs. 9-10; Tab Q.

22. Former Seigel patient/Allstate claimant, Darren Roczynski, testified during his oral deposition on May 13, 2005, that he did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle

or needle(s). Darren Rozynski, Deposition, May 13, 2005, pgs. 7-9, 16; Tab R.

23. Former Seigel patient/Allstate claimant, Marta Berniak, testified during her oral deposition on May 9, 2005, that she did not receive any testing from Dr. Seigel that involved a subcutaneous insertion of a needle or needle(s). Marta Berniak Deposition, May 9, 2005, pg. 10; Tab S.

Respectfully Submitted,
*Allstate Insurance Company*,
By Its Attorneys,

_____
David O. Brink
Federal Bar No. CT23989
Richard D. King, Jr.
Federal Bar No. CT23997
Nathan A. Tilden
Federal Bar No. CT24011
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA  02171
Tel.    (617) 770-2214

Joel Rottner, Esq.
Federal Bar No. CT05612
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134

Dated:  May 19, 2005

# **CERTIFICATE OF SERVICE**

      I, Richard D. King, Jr., attorney for the plaintiffs, Allstate Insurance Company and Allstate Indemnity Company, hereby certify that I hand-delivered a copy of the document listed below to:

Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503-0606

      and delivering a copy thereof, via first-class mail direct to:

Joel Rottner, Esq.
Skelly & Rottner, P.C.
433 S. Main St.
West Hartford, CT 06610-1670

- *Plaintiffs' Supplemental Statement of Undisputed Facts Pursuant to Local Rule 56(a)1*

                                                          _____
                                                          Richard D. King, Jr.

Dated:  May 19, 2005