## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY | : : |
| Plaintiffs, | : NO.  3:03CV577(MRK) : : |
| v. | : : |
| ARTHUR M. SEIGEL, M.D., ARTHUR M. SEIGEL, M.D., P.C., and ELLEN SEIGEL, | : : : |
| Defendants. | : : |

## TRIAL SCHEDULING ORDER

The Court hereby sets the following trial schedule:

1. Jury selection will take place on **January 31, 2006 at 9:30 a.m.** in Courtroom #4. Trial will commence in this case at **9:00 a.m. on February 1, 2006**.

2. A final pre-trial conference will be held at **9:30 a.m. on January 20, 2006** in Courtroom #4.

   **TRIAL COUNSEL MUST ATTEND THE FINAL PRE-TRIAL CONFERENCE.**

3. The Parties' Joint Trial Memorandum (instructions are attached) is due **January 6, 2006**.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
Mark R. Kravitz
United States District Court

Dated at New Haven, Connecticut: May 26, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**JOINT TRIAL MEMORANDUM - INSTRUCTIONS**
**FOR THE HONORABLE MARK R. KRAVITZ** (rev. 1/04)

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local District Civil Rule 6 and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and on a 3 ½" computer diskette in WordPerfect 10.0 format.** The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party.

The Joint Trial Memorandum shall contain the following information:

(1) *TRIAL COUNSEL*: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. **Trial counsel must attend the Final Pretrial Conference, unless excused in advance by the Court.**

(2) *JURISDICTION*: Counsel shall set forth the basis for federal jurisdiction.

(3) *JURY/NON-JURY*: Counsel shall state whether the case is to be tried to a jury or to the court.

(4) *LENGTH OF TRIAL*: Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness on both direct and cross-examination.

(5) *FURTHER PROCEEDINGS*: Specify, with reasons, the necessity of any further proceedings prior to trial.

(6) *NATURE OF CASE*: Counsel for both parties shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

(7) *TRIAL BY MAGISTRATE JUDGE*: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

(8) *EVIDENCE*: **Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.**

(a) <u>Witnesses</u>: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available.

Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility.

**NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.**

(b) <u>Exhibits</u>: Counsel shall attach a list of all exhibits – including a brief description of their contents – to be offered at trial. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. **Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference.** Three (3) days before trial, counsel shall deliver to Judge Kravitz copies of all exhibits placed in a three-ring binder with a copy of the exhibit list at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list pursuant to Local District Civil Rule 14(b).

Any objection to the admissibility of any exhibit must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility.

**NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

(c) <u>Deposition Testimony</u>: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition

transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted along with the Joint Trial Memorandum (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

(9)  *STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*: Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

  (a)  *Bench Trial*: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense.

  Except under unusual circumstances, post-trial briefing will not be permitted. Any pre-trial memoranda which any party (ies) wish the Court to consider must be filed no later than seven (7) days prior to the date trial commences.

  (b)  *Jury Trial*: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

  (1)  *Proposed Voir Dire Questions*: Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

  (2)  *Proposed Jury Instructions*: The parties shall meet and confer for the purposes of preparing and filing jury instructions. Counsel shall attach (and also include on the diskette) requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. If any party objects to another party's proposed instruction, counsel must briefly state the nature of the objection and the legal authority supporting the objection.

  (3)  *Proposed Verdict Form*: Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette) proposed verdict forms and any proposed special interrogatories. If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on

        a diskette).

    (4)    *Brief Description of Case and Parties*:  Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the Court can read to proposed jurors at the outset of jury selection.

(10)   ANTICIPATED EVIDENTIARY PROBLEMS: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems, including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702-05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) line of cases.  All memoranda in opposition to any motion in limine must be filed within seven (7) days of the date on which the Joint Trial Memorandum is filed and in any event no later than 3 days before the Final Pretrial Conference.