UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY<br>      Plaintiffs, | )<br>)<br>) C. A. NO. 303 CV 0577 MRK<br>) |
| v. | )<br>) |
| ARTHUR M. SEIGEL, M.D.,<br>ARTHUR M. SEIGEL, M.D., P.C.<br>and ELLEN SEIGEL,<br>      Defendants. | )<br>) OCTOBER 4, 2005<br>)<br>) |

### ANSWER TO FIRST AMENDED COMPLAINT

1. Paragraph 1 is denied. Defendants further assert that the Paragraph is inappropriate in its structure and style.

2. Admitted.

3. Admitted.

4. It is admitted that Dr. Seigel was the principal of Arthur M. Seigel, P.C., which, at various times, employed as many as three employees. It is denied that Ellen Seigel was a shareholder of the corporation.

5. Denied.

6. Denied.

7.     Denied. Defendants admit, however, that in certain instances Dr. Seigel submitted invoices for needle EMG tests which were not performed.

8.     Denied.

9.     Denied. Defendants admit, however, that Dr. Seigel and Seigel, P.C. caused to be placed in the mail a certain number of invoices which billed for needle EMG tests which were not performed.

10.    Denied. Admitted that payment in connection with some insurance claims referenced throughout the complaint traveled through the United States mail.

11.    Defendants lack sufficient information and/or knowledge as to plaintiffs' alleged damages and therefore leave plaintiffs to their proof.

12.    Defendants admit that Allstate requests the stated bases for relief.

13.    Denied.

14.    Denied.

15.    Admitted.

16.    Defendants lack information concerning when Allstate had reasonable notice of any conduct, but based on their best knowledge they deny the allegations of this paragraph.

17.    Defendants assert this paragraph is improper and inappropriate as it purports to sum up alleged evidence.

18.    Denied.

19. Admitted.

20. Defendants admit that Allstate purports to allege acts committed in the District of Connecticut.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Defendants deny that Ellen Seigel was a shareholder of Seigel, P.C. The remaining allegations of Paragraph 25 are admitted.

26. Admitted.

27. It is admitted that Ellen Seigel was the practice manager of Seigel, P.C., and that she had supervisory power over other employees and many general office tasks.

28. Admitted.

29. Denied. Defendants admit, however, that Dr. Seigel did receive referrals from attorneys or chiropractors.

30. Denied. Defendants admit, however, that Dr. Seigel examined many automobile accident patients for, among other matters, any neurological deficit.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

37. Denied. Defendants admit, however, that needle EMG testing requires the subcutaneous insertion of a needle into one or more muscles.

38. Defendants leave plaintiffs to their proof.

39. Admitted.

40. Admitted.

41. Admitted that $140.00 was the general charge for needle EMG procedures.

42. Denied.

43. Admitted.

44. Admitted.

45. Admitted.

46. Defendants leave plaintiffs to their proof.

47. Admitted.

48. Denied.

49. Admitted that $90.00 was generally the charge for a single NCS test.

50. Denied.

51. Denied.

52. Admitted.

53. Admitted.

54. Admitted.

55. Denied.

56. Defendants leave plaintiffs to their proof.

57. Admitted.

58. Admitted.

59. Admitted that Dr. Seigel pleaded guilty to a mail fraud count. Defendants deny that it is proper or appropriate to recite in pleadings the elements of mail fraud in that case.

60. Paragraph 60 is factually accurate, but defendants deny that the sentence imposed is relevant or proper in this action or in its pleading.

61. Admitted.

62. Denied.

63. Defendants leave plaintiffs to their proof. Defendants further deny that the search is relevant in any way to any claimed harm or damage to plaintiffs.

64. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

65. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

66. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

67. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

68. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

69. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

70. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

71. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

72. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

73. Defendants leave plaintiffs to their proof. Defendants further deny that the allegations are relevant in any way to any claimed harm or damage to plaintiffs.

74. Denied. Defendants further deny that the hearsay allegations are appropriate evidence or pleading.

75. Denied. Defendants further deny that the hearsay allegations are appropriate evidence or pleading.

76. Denied. Defendants further deny that the hearsay allegations are appropriate evidence or pleading.

77. Admitted. Defendants assert it is not appropriate to plead items for relief as part of the fact portion of the complaint.

78. Paragraph 78 is factually admitted. However, defendants deny that these allegations are relevant to this case or that they are appropriate pleading here.

79. Admitted. However, if the patient ever denied ever having had a needle EMG, that charge was not pressed or ever collected.

80. Denied. The allegations mischaracterize the cited testimony. Defendants assert it is improper to cite and plead testimony given in another forum in this complaint.

81. Denied. Admitted that Ellen Seigel continued to attempt to collect on unpaid accounts on behalf of Seigel, P.C. However, if the patient denied having had a needle EMG, that charge was never pressed or ever collected.

82. Denied.

83. Admitted that Paragraph 83 is generally a fair characterization of Mrs. Seigel's testimony. However, defendants assert it is improper to cite and plead testimony in another forum in this complaint.

84. Defendants leave plaintiffs to their proof as to Paragraph 84.

85. Admitted that most automobile insurance claims involve at least some use of the United States mail service. Defendants, however, leave plaintiffs to their proof as to any particular claim alleged in the first amended complaint.

86. Denied.

87. Denied. It is admitted, however, that Dr. Seigel, through Seigel, P.C., submitted a number of invoices for needle EMG tests which were not performed.

88. Denied.

89. Denied.

90. Admitted.

91. Admitted.

92. Denied as pleaded.

93. Denied.

94. Denied.

95. Denied.

96. Denied. It is admitted, however, that Dr. Seigel, through Seigel, P.C, billed for a number of needle EMG tests which were not performed.

97. Denied.

98. Defendants leave plaintiffs to their proof as to which documents traveled through the U.S. mail.

99. Denied.

100. Paragraph 100 is generally admitted, but defendants assert that government actions are not here relevant nor are they appropriately pleaded.

101. Admitted.

102. Admitted.

103. Admitted.

104. Defendants leave plaintiffs to their proof on this allegation.

105. Admitted.

106. Admitted.

107. Defendants admit that Seigel, P.C. submitted an invoice for treatment to Delmira Lucas in the amount of $795 including $140 for a needle EMG test. All other allegations of paragraph 107 are denied.

108. Denied.

109. Defendants leave plaintiffs to their proof as to this paragraph. It is further improper to cite claimed back-up evidence.

110. This paragraph is not responded to because it is too broad and vague.

111. Admitted.

112. Defendants leave plaintiffs to their proof as to this paragraph.

113. Admitted.

114. Defendants leave plaintiffs to their proof as to this paragraph.

115. Admitted.

116. Admitted except for that portion of the paragraph which states "demanding payment".

117. Admitted.

118. Denied.

119. Defendants leave plaintiffs to their proof as to this paragraph.

120. Admitted.

121. Admitted.

122. Admitted.

123. Admitted except for that portion of paragraph stating "demanding payment".

124. Admitted that, for this report with stated nerve conduction testing which was normal, there was no stated figure for amplitude measurements. Defendants deny that the testing was therefore incomplete.

125. Denied.

126. Admitted that defendant Seigel gave a 5% permanent/partial impairment rating of the cervical spine causally related to the automobile accident. All other allegations are denied.

127. Denied.

128. Defendants leave plaintiffs to their proof as to this paragraph.

129. Defendants admit that Susan Leary was injured as a result of an automobile collision on May 9, 1996. All other allegations of this paragraph are denied.

130. Admitted.

131. Denied.

132. Defendants admit the allegations of this paragraph other than the words "demanding payment".

133. Denied.

134. Denied.

135. Defendants leave plaintiffs to their proof as to this paragraph.

136. Defendants admit that Michael Pesapane was injured as a result of an automobile collision on December 4, 1999. All other allegations of this paragraph are denied.

137. Admitted.

138. Admitted.

139. Defendants admit all allegations of this paragraph other than the words "demanding payment".

140. Denied.

141. Defendants leave plaintiffs to their proof as to this paragraph.

142. Defendants admit that Bernadel Bassette was injured as a result of an automobile collision on December 19, 1997. All other allegations of that paragraph are denied.

143. Admitted.

144. Admitted.

145. Denied.

146. Denied.

147. Defendants leave plaintiffs to their proof as to this paragraph.

148. Defendants admit that Jessimine Criscuolo was injured as a result of an automobile collision on August 22, 1995. All other allegations of this paragraph are denied.

149. Admitted.

150. Defendants admit the allegations of this paragraph except the words "demanding total payment".

151. Denied.

152. Admitted.

153. Defendants admit all allegations except the words "disability to her lumbar spine".

154. Defendants leave plaintiffs to their proof as to this paragraph.

155. Denied.

156. Defendants leave plaintiffs to their proof as to this paragraph.

157. Defendants admit that Albert Messore sustained injury as a result of an automobile collision on October 26, 1996. All other allegations of this paragraph are denied.

158. Admitted.

159. Admitted.

160. Denied.

161. Defendants admit the allegations of this paragraph except the words "demanding payment".

162. Denied.

163. Defendants leave plaintiffs to their proof as to this paragraph.

164. Denied.

165. Defendants admit that Merrill Sherman sustained injury as a result of an automobile collision on June 30, 1999. All other allegations of this paragraph are denied.

166. Admitted.

167. Admitted.

168. Denied.

169. Defendants admit the allegations of this paragraph except the words "demanding payment".

170. Defendants leave plaintiffs to their proof as to this paragraph.

171. Defendants admit that Timothy Johnson was injured as a result of an automobile collision on May 1, 1999. All other allegations of this paragraph are denied.

172. Admitted.

173. Admitted.

174. Defendants admit the allegations of this paragraph except the words "demanding payment".

175. Denied.

176. Admitted.

177. Defendants leave plaintiffs to their proof as to this paragraph.

178. Defendants admit that Norman Collins was injured as a result of an automobile collision on February 1, 2000. All other allegations of this paragraph are denied.

179. Admitted.

180. Admitted.

181. Denied.

182. Defendants admit the allegations of this paragraph except the words "demanding payment".

183. Denied.

184. Defendants leave plaintiffs to their proof as to this paragraph.

185. Defendants admit that Dorothy Mayo was injured as a result of an automobile collision on October 10, 1998. All other allegations of this paragraph are denied.

186. Admitted.

187. Admitted.

188. Defendants admit the allegations of this paragraph except the words "demanding payment".

189. Denied.

190. Defendants leave plaintiffs to their proof as to this paragraph.

191. Defendants admit that Devon Cox sustained injury as a result of an automobile collision on August 9, 1998. All other allegations of this paragraph are denied.

192. Admitted.

193. Admitted.

194. Denied.

195. Defendants admit the allegations of this paragraph except the words "demanding payment".

196. Denied.

197. Denied.

198. Defendants leave plaintiffs to their proof as to this paragraph.

199. Defendants admit that Freeman Troche sustained injuries as a result of an automobile collision on January 11, 1999. All other allegations of this paragraph are denied.

200. Admitted.

201. Admitted.

202. Admitted.

203. Admitted.

204. Defendants admit that defendant Seigel, P.C. submitted invoices in the total amount of $915 which included $140 for a needle EMG test. All other allegations of this paragraph are denied.

205. Denied.

206. Defendants leave plaintiffs to their proof as to this paragraph.

207. Defendants admit that Suzanna Kraluku sustained injuries in an automobile collision on May 6, 1997.

208. Admitted.

209. Defendants deny that Suzanna Kraluku's first appointment was on May 23, 1998. All other allegations of this paragraph are admitted.

210. Denied.

211. Defendants admit that Seigel, P.C. generated an invoice dated March 23, 1998 in the total amount of $795. All other allegations are denied.

212. Denied.

212A. Denied.

213. Defendants leave plaintiffs to their proof as to this paragraph.

214. Defendants admit that Natalie Dias was injured as a result of an automobile collision on March 28, 1996.

215. Admitted.

216. Admitted.

217. Denied.

218. Defendants admit the allegations of this paragraph except the words "demanding payment".

219. Denied.

220. Denied.

221. Defendants leave plaintiffs to their proof as to this paragraph.

222. Defendants admit that Randy Blackwell was injured as a result of an automobile collision on November 1, 1996. All other allegations of this complaint are denied.

223. Admitted.

224. Admitted.

225. Admitted.

226. Defendants admit the allegations of this paragraph except the word "however".

227. Admitted.

228. Denied.

229. Denied.

230. Defendants leave plaintiffs to their proof as to this paragraph.

231. Defendants admit that Tomika Cooper sustained injuries as a result of an automobile collision on January 10, 1996. All other allegations of this paragraph are denied.

232. Admitted.

233. Admitted.

234. Defendants admit the allegations of this paragraph except the words "demanding payment".

235. Admitted.

236. Denied.

237. Defendants leave plaintiffs to their proof as to this paragraph.

238. Defendants admit that Cindy Gaviria sustained injuries as a result of an automobile collision on October 3, 1998. All other allegations are denied.

239. Admitted.

240. Admitted.

241. Defendants admit that the references to the report are factually accurate, but deny that they are inconsistent.

242. Defendants admit the allegations of this paragraph except the words "demanding total payment".

243. Denied.

244. Defendants leave plaintiffs to their proof as to this paragraph.

245. Defendants admit that Joseph Duro sustained injuries as a result of an automobile collision on May 20, 1998. All other allegations are denied.

246. Admitted.

247. Admitted.

248. Defendants admit the allegations of this paragraph except the words "demanding payment".

249. Denied.

250. Defendants leave plaintiffs to their proof as to this paragraph.

251. Defendants admit that Elijah Ganues sustained injury as a result of an automobile collision on April 15, 1998. All other allegations are denied.

252. Admitted.

253. Admitted.

254. Admitted.

255. Admitted.

256. Defendants admit the allegations of this paragraph except the words "demanding payment".

257. Denied.

258. Defendants leave plaintiffs to their proof as to this paragraph.

259. Defendants admit that Nancy Diaz sustained injury as a result of an automobile collision on June 9, 1998. All other allegations are denied.

260. Admitted.

261. Admitted.

262. Admitted.

263. Admitted.

264. Denied.

265. Defendants admit that Seigel, P.C. submitted two invoices in the total amount of $915, including $140 for a needle EMG test and $360 for nerve conduction testing. All other allegations are denied.

266. Denied.

267. Defendants leave plaintiffs to their proof as to this paragraph.

268. Defendants admit that Stephen Overby sustained injuries as a result of an automobile collision in 1998. All other allegations are denied.

269. Admitted.

270. Admitted.