271.    Admitted.

272.    Defendants admit the allegations of this paragraph except the words "demanding payment".

273.    Denied.

274.    Denied.

275.    Defendants leave plaintiffs to their proof as to this paragraph.

276.    Defendants admit that Thomas Keating sustained injuries as a result of an automobile collision on May 13, 1998.

277.    Admitted.

278.    Admitted.

279.    Admitted.

280.    Admitted.

281.    Denied.

282.    Defendants admit the allegations of this paragraph except the words "demanding total payment".

283.    Denied.

284.    Denied.

285.    Defendants leave plaintiffs to their proof as to this paragraph.

286.    Defendants admit that Hilarie Carle sustained injury as a result of an automobile collision on April 30, 1999.

287.   Admitted.

288.   Defendants admit the allegations of this paragraph except the words "demanding a total payment" and the word "allegedly".

289.   Admitted.

290.   Defendants leave plaintiffs to their proof as to this paragraph.

291.   Denied.

292.   Defendants leave plaintiffs to their proof as to this paragraph.

293.   Defendants admit that Ricky Greco sustained injury as a result of an automobile collision on December 13, 1995.

294.   Admitted.

295.   Admitted.

296.   Defendants admit the allegations of this paragraph except the words "demanding payment".

297.   Admitted.

298.   Admitted.

299.   Denied.

300.   Denied.

301.   Denied.

302.   Defendants leave plaintiffs to their proof as to this paragraph.

303.    Defendants admit that Juan Flores sustained injury as a result of a motor vehicle collision on February 19, 1996.

304.    Admitted.

305.    Admitted.

306.    Defendants admit the allegations of this paragraph except the words "demanding payment".

307.    Denied.

308.    Denied.

309.    Denied.

310.    Defendants leave plaintiffs to their proof as to this paragraph.

311.    Denied.  Defendants also assert this paragraph has been improperly pleaded and not admissible.

312.    Defendants leave plaintiffs to their proof as to this paragraph.

313.    Defendants deny that it is proper for plaintiffs to plead what someone else testified to at a different proceeding, and therefore do not respond.

314.    Defendants admit that Christianne Lacasse sustained injury as a result of an automobile collision on December 9, 2000.

315.    Defendants admit the allegations of this paragraph except for the quotation marks around examined.

316.    Admitted.

317.    Defendants admit the allegations of this paragraph except the words "and demanded payment".

318.    Defendants decline to respond to this paragraph because testimony produced at another proceeding is not admissible and irrelevant and improper.

319.    Defendants adopt their response to 318.

320.    Defendants adopt their response to 318.

321.    Defendants admit that Alwrick Brown sustained injury as a result of an automobile collision on May 31, 2001.

322.    Admitted.

323.    Defendants admit the allegations of this paragraph except the word "purportedly".

324.    Defendants admit the allegations of this paragraph except the words "demanding payment".

325.    Denied.

326.    Denied.

327.    Denied.

328.    Defendants adopt their answer to Paragraph 318.

329.    Defendants admit that Daniel Ranno sustained injuries as a result of an automobile collision on December 9, 2001.

330.    Admitted.

331. Admitted.

332. Defendants leave plaintiffs to their proof as to this paragraph.

333. Denied.

334. Defendants adopt their response to Paragraph 318.

335. Defendants admit that Christine McDowell sustained injury as a result of an automobile collision on May 7, 2001.

336. Admitted.

337. Admitted.

338. Defendants admit the allegations of this paragraph except the words "and demanded payment".

339. Denied.

340. Denied.

341. Defendants adopt their response to Paragraph 318.

342. Defendants admit that Robert Wall sustained injury while traveling as a passenger in a vehicle on September 16, 2001. As to all other allegations, they are denied or defendants leave plaintiff to their proof.

343. Defendants admit the allegations of this paragraph except quotation marks around the word examined.

344. Admitted.

345.     Defendants leave plaintiffs to their proof as to this paragraph.
Defendants further deny that any response necessary to an allegation that a person
testified in a particular way at another hearing.

346.     Defendants admit that Alex Jaser sustained injury as a result of an
automobile collision on September 18, 2000.

347.     Admitted.

348.     Admitted.

349.     Admitted.

350.     Defendants admit the allegations of this paragraph except the words
"demanding payment".

351.     Defendants leave plaintiffs to their proof as to this paragraph.
Defendants also deny that any response is necessary to an allegation that a person
testified in a particular way at another hearing.

352.     Defendants admit that Barbara Demayo was injured as a result of an
automobile collision on July 23, 2000.

353.     Admitted.

354.     Admitted.

355.     Defendants admit the allegations of this paragraph except the words
"demanding payment".

356.     Denied.

357.  Denied.

358.  Defendants leave plaintiffs to their proof as to this paragraph.

359.  Defendants admit that Darren Rocynzski sustained injuries as a result of a collision on July 5, 2002. All other allegations are denied.

360.  Admitted.

361.  Admitted except for the quotation marks around the word examined.

362.  Admitted.

363.  Defendants admit the allegations of this paragraph except the words "demanding payment" and the word "alleged".

364.  Denied.

365.  Defendants leave plaintiffs to their proof as to this paragraph.

366.  Defendants admit that Walter Henry sustained injury as a result of an automobile collision on September 25, 2000.

367.  Admitted.

368.  Admitted.

369.  Defendants admit the allegations of this paragraph except the words "demanding total payment".

370.  Denied.

371.  Defendants leave plaintiffs to their proof as to this paragraph.

372.  Defendants admit that Yah Glaude sustained injury as a result of an automobile collision on July 31, 2001.

373.  Admitted.

374.  Admitted.

375.  Admitted.

376.  Admitted.

377.  Denied, and certainly deny that anything was misleading in view of the full report which plaintiffs' had in their possession.

378.  Defendants admit the allegations of this paragraph except the words "demanding payment".

379.  Denied.

380.  Defendants adopt their response to Paragraph 318.

381.  Defendants leave plaintiffs to their proof as to this paragraph.

382.  Denied.

383.  Denied.

384.  Denied.

385.  Denied.

386.  Denied.  Defendants also specifically deny that most of the allegations have anything to do either with fraud, or with a RICO offense or acts.

387.  Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Denied.  Defendants admit, however that part of Dr. Seigel's plea agreement involved a restitution order of $450,000.00.  It is further admitted that the Court designated approximately $62,000 to Allstate.  It is denied that Dr. Seigel, or any defendant, took a position as to Allstate's actual loss.

393.    Denied.

394.    Denied.

395.    Denied.  It is admitted that $90.00 was the general charge for NCS testing.

396.    Denied.

397.    Denied.

398.    Denied.

399.    Denied.

**Summary of Damages:**

Allstate's summary of damages is denied in its entirety.

VII.    **FEDERAL CAUSES OF ACTION**

**COUNT 1**

400.    Responses to paragraphs 1 through 399 are realleged herein.

401.    Denied.

402.    Denied. It is admitted however that Seigel, P.C. employed one or more mailings to seek payment on most claims.

403.    Denied. It is admitted, however, that medical billing invoices, medical reports, applications for insurance and premium checks, if directed to Allstate generally reached plaintiffs through the United States mails.

404.    Denied. It is admitted, however, that Dr. Seigel, through Seigel, P.C. submitted certain bills for Needle EMG testing which was not performed.

405.    Denied.

406.    Denied.

407.    Denied.

408.    Denied. It is admitted that Allstate issued a small number of drafts to Seigel, P.C.

409.    Denied.

410.    Denied.

411.    Denied.

412.    Denied.

413.    Defendants lack sufficient knowledge and/or information to form a belief as to the effect of insurance fraud across the United States on Allstate or Insurance Rates. Generally this allegation is improper and inadmissible in evidence.

414.    Denied.

415.    Denied.

416.    Denied.

417.    Denied.

## COUNT II

418.   All previous responses are realleged herein.

419.   Denied.  It is admitted that both plaintiffs are corporations whose activities affect interstate commerce.

420.   Denied.

421.   Denied.

422.   Denied.

423.   Denied.

## COUNT III

424.   All previous responses are realleged herein.

425.   Denied.

426.   Denied.

427.   Denied.

## COUNT IV

428.   All prior responses are realleged herein.

429.   Denied.

430.   Denied.  It is admitted that Dr. Seigel, through Seigel, P.C., submitted certain bills for Needle EMG tests which were not performed.

431.   Denied.

432.    Denied.

433.    Defendants lack sufficient information and/or knowledge to form an opinion as to what funds Allstate paid.

## COUNT V

434.    All preceding responses are realleged herein.

435.    Denied.

436.    Denied.

437.    Denied.

438.    Denied.

## COUNT VI

439.    All preceding responses are realleged herein.

440.    Denied.

441.    Denied.

442.    Denied. It is admitted that Dr. Seigel, through Seigel, P.C. did submit certain bills for Needle EMG testing which was not performed.

443.    Denied.

444.    Denied. It is admitted that Dr. Seigel, through Seigel, P.C. did submit certain bills for Needle EMG testing which was not performed.

## COUNT IV

445.    All preceding responses are realleged herein.

33

446.   Admitted.

447.   Defendants decline to respond to this paragraph because it is totally irrelevant to any claims for recovery over the period.

448.   Defendants decline to respond to this paragraph, as it is an irrelevant statement of Connecticut law.

449.   Denied.

450.   Denied.

451.   Denied.

452.   Denied.  It is admitted that Allstate requests the stated injunctive relief.

**FIRST DEFENSE ON BEHALF OF ALL DEFENDANTS:**

Many or most of the claimed illegal or tortious acts are barred by applicable statutes of limitations.

**SECOND SPECIAL DEFENSE**
**(ON BEHALF OF DEFENDANT ELLEN SEIGEL)**

The allegations against defendant Ellen Seigel failed to state a cause of action under any of the legal theories relied on.

**THIRD SPECIAL DEFENSE (ALL DEFENDANTS)**

Any and all damages for payments allegedly made in settlement of third party claims based on negligence of plaintiffs' insureds are barred as overly speculative under all the legal theories pleaded.

**FOURTH SPECIAL DEFENSE (ALL DEFENDANTS)**

All claims for damages, pursuant to RICO and CUTPA, for payments allegedly made in settlement of third party claims against Allstate insureds are barred as being overly speculative.

**COUNTERCLAIIM OF DEFENDANTS ARTHUR M. SEIGEL
AND ARTHUR M. SEIGEL, P.C.**

1. On or about June, 12, 2002, plaintiff Allstate Insurance Company ("Allstate")

instituted an action in the Superior Court of Connecticut, Judicial District of New

Haven, against defendants Arthur M. Seigel and Arthur M. Seigel, M.D.,P.C., seeking

initial ex parte relief and also temporary injunctions.

2. Allstate sought mandatory injunctive relief (in addition to injunctive relief

preventing defendants from moving any and all of their medical business documents

and materials including patient records) seeking orders that all of the Seigel, M.D., P.C.

files be copied, including hundreds, if not thousands of files which were not against

Allstate insureds and be turned over to Allstate.

3. No notices were given to any of the patients involved concerning the

attempted breach of their confidential medical records. No notice was given to counsel

for any of the Seigel, M.D., P.C. patients.

4. With many other stated reasons, the court specifically held that contrary to

settled requirements of Connecticut law, Allstate did not attempt to base the requested

relief on any underlying cause of action or claimed right under law of any kind.

5. After granting initial ex parte temporary relief, the court (Munro, J.) vacated

that order. The Application for Temporary Injunction was denied on July 18, 2002.

Although not requested in the initial court papers, at hearing Allstate sought a permanent injunction, which also was not granted.

      6. Section 52-568, Connecticut General Statutes, provides that one who commences and prosecutes any civil action or complaint against another (1) without probable cause, shall pay such person double damages, or (2) without probable cause and with malicious intent unjustly to vex and trouble such other person, shall pay treble damages. Allstate's action against defendant Seigal and defendant Seigal, M.D., P.C. was groundless and/or vexatious. Defendant Seigel and Seigel, P.C. incurred significant legal expenses. Plaintiff Allstate is liable to those defendants for double or treble damages.

THE DEFENDANTS
ARTHUR M. SEIGEL, M.D.; ARTHUR M.
SEIGEL, P.C.; ELLEN SEIGEL

By_____
    Ira B. Grudberg
    David L. Belt
    Joshua D. Lanning (ct24529)
    JACOBS, GRUDBERG, BELT & DOW, P.C.
    350 Orange Street
    New Haven, Connecticut 06503
    Telephone No. (203) 772-3100
    Facsimile No. (203) 772-1691
    email:  jlanning@jacobslaw.com

**CERTIFICATION**

I hereby certify that the foregoing Answers to First Amended Complaint has been served by placing a copy thereof in the United States mail, first class postage prepaid, this 4th day of October, 2005, addressed to:

Joel Rottner, Esq.
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134-0890

David O. Brink, Esq.
Richard D. King, Jr., Esq.
Nathan A. Tilden, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive, 2nd Floor
Quincy, MA  02171


_____
Ira B. Grudberg