UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO.  303 CV 0577 MRK

ALLSTATE INSURANCE COMPANY and      )
ALLSTATE INDEMNITY COMPANY           )
    Plaintiffs,                                   )
                             )
v.                                                        )
                             )
ARTHUR M. SEIGEL, M.D.,                   )
ARTHUR M. SEIGEL, M.D., P.C.,            )
and ELLEN SEIGEL,                             )
    Defendants.                                  )

November 10, 2005

## PLAINTIFFS' MEMORANDUM OF FACT AND LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM

### I.    INTRODUCTION

The plaintiffs' Allstate Insurance Company and Allstate Indemnity Company (hereinafter collectively referred to as "Allstate") respectfully request that the Court enter an Order dismissing defendants' counterclaim pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### II.    RELEVANT FACTUAL BACKGROUND AND TRAVEL OF THE CASE

On or about April 1, 2003, Allstate commenced the case at bar against defendants pursuant to Title 18 U.S.C. §1962, Racketeer Influence and Corrupt Organizations Act, and alleging pendant state law claims.  Allstate filed its Amended Complaint on September 12, 2003. On May 19, 2004, the Court entered a Scheduling Order that (1) called for the disclosure of experts on April 30, 2005; (2) set the close of all discovery on May 31, 2005; (3) set the deadlines for filing of dispositive motions and motions seeking to preclude admission of expert testimony for August 31, 2005.  The Court later extended the deadline for defendants to file a

                                                  **Plaintiffs Request**
                                                  **Oral Argument**

motion for summary judgment to September 30, 2005.  No other material deadlines have been extended.

The defendants filed their Answer to Allstate's Amended Complaint on October 4, 2005 (nearly 25 months after Allstate filed its Amended Complaint).  Beginning on page 37 of defendants' Answer, Arthur M. Seigel and Arthur M. Seigel, P.C., purport to assert a six-paragraph counterclaim allegedly arising out of a 2002 state-court litigation between the parties.

## III.    APPLICABLE LAW

Rule 12, Fed. R. Civ. P., entitled **DEFENSES AND OBJECTIONS**, provides, in pertinent part, as follows:

> **(a)  When Presented.**
>
> (1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
> (A) within 20 days after being served with the summons and complaint.

Rule 13, Fed. R. Civ. P., entitled **COUNTERCLAIM AND CROSS-CLAIM,** provides in pertinent part as follows:

> **(a)  Compulsory Counterclaims.**
>
> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
>
> ****
>
> **(b)  Permissive Counterclaims.**
>
> A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
>
> ****

**(f) Omitted Counterclaim.**

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

Local Rule 6, entitled **Computation of Time**, provides as follows:

Except as otherwise specified in these Local Rules, Fed. R. Civ. P. 6 shall govern the computation of time limitations for purposes of computing any period of time prescribed or allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any order of this Court, or any applicable statute.

## IV.    STANDARD OF REVIEW

A complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see McLaughlin v. Anderson, 962 F.2d 187, 190 (2d Cir. 1992). In resolving a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir. 2001); McLaughlin, 962 F.2d at 190. Consequently, "the task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (internal quotations omitted).

Notwithstanding the fact that defendants purport to introduce their counterclaim years after the commencement of this case (and within three (3) months of trial), Rule 13, Fed. R. Civ. P. provides for the addition of an omitted counterclaim. Specifically, Rule 13(f) provides that when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may, by leave of court, set up the counterclaim by amendment. (emphasis supplied)  A district court's decision to grant or deny leave to amend

3

in the Rule13(f) context is subject to a "clearly erroneous" standard of review.  See, e.g., Lyondell-Citgo Refining, L.P. v. Petroleos de Venezuela, S.A. and PDVSA-Petroleo, S.A., 2005 U.S. Dist. LEXIS 6533 *5-10 (S.D.N.Y. Apr. 14, 2005) (discussing applicable standard of review to amend cases and observing that where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous).

The facts at instant, defendants have made (nor attempted to make) no showing regarding "oversight, inadvertence, or excusable neglect" or substantial injustice sufficient to bring their tardy, unrelated claim within the parameters of Rule 13.  Compounding this defect, plaintiffs did not seek leave of the court to file their counterclaim.

Rule 13 must be read in conjunction with Rule 15.  Rule 15, Fed. R. Civ. P., provides that leave to amend the pleadings "shall be freely given when justice so requires."  However, leave to amend is not automatic.  District courts may deny leave to amend upon a finding of undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies or futility.  See, e.g., Cartier, Inc. v. Four Star Jewelry Creations, Inc., 2004 U.S. Dist. LEXIS 989 (S.D.N.Y. Jan. 28, 2004); see also Credit Suisse First Boston, L.L.C. v. Coeur d'Alene Mines, Corp., 2005 U.S. Dist. LEXIS 1893 *8-12 (S.D.N.Y. Feb. 9, 2005) (affirming magistrate's denial of defendants motion for leave to amend answer to add a counterclaim upon finding that (1) the amendment sought for the improper purpose of delay, (2) defendant failed to demonstrate good-faith basis for delay, (3) proposed amendment would prejudice plaintiff, and (4) amendment would substantively interfere with the court's scheduling order).  In the Credit Suisse First Boston case, plaintiff's complaint was filed in December 2003, the Court's scheduling order required that (1) amendments to the pleading be filed no later than April 15, 2004, (2) the parties designate experts no later than July 15, 2004, and (3) all discovery  be completed by September 30, 2004.

Id. at *2-3.  The defendant's motion to amend to add a counterclaim was submitted

approximately one month prior to the close of discovery.  Id.

      In measuring prejudice to the non-moving party, a court may consider whether the

added claim would require the opponent to expend additional resources to conduct discovery and

prepare for trial, and delay resolution of the dispute.  See Block v. First Blood Assocs., 988 F.2d

344, 350 (2nd Cir. 1993).  Whether the counterclaim proposed to be added constitutes a

compulsory counterclaim is not the dispositive factor in whether to grant or deny leave to amend.

Instead, classification of a counterclaim as compulsory is just one of four factors for the court to

consider in assessing a motion.  See Gabourel v. Bouchard Transportation Co., Inc., 901 F. Supp.

142, 144 (S.D.N.Y. 1995) (discussing factors for consideration in assessing motion to amend

pleading to add counterclaim including whether (1) pleader acted in good faith, (2) the leave

requested constitutes undue delay, (3) undue prejudice will result to non-movant, and (4) the

proposed counterclaim raises meritorious claims); Technographics, Inc. v. Mercer Corp., 142

F.R.D. 429, 430-31 (N.D.PA.  1992) (recognizing that Rule 13(f) "should not be construed as an

open-ended mechanism for avoiding the timely filing of counterclaims" and denying motion to

amend to add compulsory counterclaim where (1) trial was imminent, (2)  the case had been

litigated for approximately three years, and (3) allowance of the counterclaim would necessitate

additional discovery and delay resolution of the dispute); Carson v. Polley, 689 F.2d 562, 584

(5th Cir. 1982) (observing that whereas delay in and of itself may not provide basis for denial,

delay coupled with awareness of the facts giving rise to the claim can constitute an adequate

reason for denial).

V.    **ARGUMENT**

A.    **Defendants' Counterclaim Should be Dismissed as Procedurally Timebarred**

Promptly upon notice of defendants' intent to resume custody of all Seigel P.C. medical records following Dr. Seigel's sentencing in May 2002, Allstate took action to preserve all such records (1) to protect the interest of its insureds in connection with numerous then-pending, third-party claims and lawsuits, and (2) as evidence for possible recovery against defendants.

The counterclaim purportedly advanced by defendants cannot fairly be said to constitute a compulsory counterclaim in light of the fact that the transactions, occurrences and factual circumstances giving rise to defendants' purported counterclaim are wholly separate and distinct from the factual and legal underpinnings of Allstate's case at bar.

In light of the procedural requirements set forth in Section III above, and the Scheduling Orders of the Court, defendants' filing of their counterclaim purportedly arising out of state-court litigation case that was disposed of in 2002, without leave of court, is time barred. Accordingly, this Court should dismiss defendants' counterclaim for the following reasons:

1.    Defendants failed to seek leave of Court as required under the Rules;

2.    According to Federal Rules of Civil Procedure, District of Connecticut Local Rules and the Scheduling Orders issued by the Court, defendants purported counterclaim is not timely;

3.    Discovery is closed; and

4.    Allstate would be prejudiced in its ability to discover and defend the claim purportedly alleged in defendants' counterclaim.

For all of the foregoing reasons, defendants' counterclaim should be dismissed.

**B.    Defendants' Counterclaim is Substantively Time Barred**

Connecticut General Statutes §52-577 provides that "no action founded upon a tort shall

be brought but within three years of the date of the act or omission complained of." The only

facts material to a trial court's decision under a motion to dismiss pursuant to the statute of

limitations provided for in §52-577, are the date of the wrongful conduct alleged in the

complaint, and the date the action was filed. See Rosenfield v. Rogin, Nassua, Caplan,

Lassman & Hirtle, LLC, 69 Conn. App. 151, 795 A.2d 572 (2002). The §52-577 limitations

period begins with the act or omission complained of, not the date when the plaintiff first

discovers an injury. See Collum v. Chapin, 40 Conn. App. 494, 451, 671 A. 2d 1329 (1996).

The defendants' counterclaim purports to arise from acts or omissions of Allstate occurring at

the latest as of July 18, 2002 (i.e., dismissal of Allstate's action). Accordingly, inasmuch as

defendants' counterclaim sounds in tort and is brought pursuant to Connecticut General Statute

§52-568, defendants were required to initiate any such claim as of the close of the Court's

business on July 18, 2005. Whereas defendants' counterclaim was not commenced until

October 4, 2005, defendants have no standing to pursue the claim they attempt to advance in

their counterclaim.

For all of the foregoing reasons, defendants' counterclaim should be dismissed.

**C.    Defendants' Counterclaim Should Be Dismissed for Failure to
State a Cognizable Claim**

To establish a claim for vexatious litigation, it is necessary for plaintiff to plead and

prove (1) want of probable cause, (2) malice, and (3) termination of the prior suit in the

plaintiff's favor. See Vanderfluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978) (noting that

determination of probable cause is a question of law); Norse Systems, Inc. v. Tingly Systems,

Inc., 49 Conn. App. 582, 593, 715 A. 2d 807, 815 (1998); Tibbetts v. President and Fellows of

Yale College, 2005 U.S. Dist. LEXIS 919 *13 (D. Conn. 2005).

In their six paragraph counterclaim, with the exception of alleging that the state-court litigation ended in their favor (counterclaim at ¶ 5), defendants fail to adequately allege a prima facie case under Connecticut General Statue §52-568.

It is beyond debate that Allstate possessed good-faith, probable cause to file the state court action to protect (a) its insureds in third-party claims and litigation involving claimants who purportedly received medical treatment from Dr. Seigel, and (b) the integrity of essential, material evidence (i.e., Dr. Seigel's medical records and invoices) for prosecution of Allstate's recovery action. The defendants were on notice at the time, and remain cognizant, of the reasons that lead Allstate to pursue the state-court litigation including, *inter alia*, (1) defendants were then seeking the return from the FBI of all medical records and invoices following Dr. Seigel's sentencing in May 2002, and (2) Dr. Seigel's status as a convicted felon who had engaged in crimes of dishonesty and arguable had ample motive to protect himself against further criminal and civil liability, clearly justified Allstate's action to preserve the status quo by protecting Seigel's records from destruction or removal from this Court's jurisdiction. Further, it is undisputed that Dr. Seigel was sentenced to be confined in federal prison and that his wife and office manager, Ellen Seigel, was tasked with winding up the affairs of Arthur M. Seigel, P.C. In attempting to preserve material documents, Allstate pursued injunctive relief against Seigel, P.C. enjoining it from destroying patient records. Nothing in defendants' purported counterclaim challenges these uncontroverted facts. See, e.g., DeLaurentis v. New Haven, 597 A.2d 807 (1991); Vanderfluis, 176 Conn. at 356.

Accordingly, inasmuch as defendants fail to state a claim upon which relief can be granted pursuant to Connecticut General Statutes §52-568, Allstate respectfully requests that this Court enter an Order dismissing defendants' counterclaim.

## V.    CONCLUSION

For all the foregoing reasons, Allstate respectfully requests that this Honorable Court enter an Order dismissing defendants' counterclaim.  If the Counterclaim is allowed to stand, Allstate respectfully requests twenty (20) days to file its Answer and that it be granted an opportunity to avail itself of its full discovery rights pursuant to Fed. R. Civ. P. 30, 33, 34, 36 and Connecticut Local Rules (including written discovery and deposition testimony).

Respectfully Submitted,
*Allstate Insurance Company and*
*Allstate Indemnity Company,*
By their Attorneys,

David O. Brink, Federal Bar No. CT23989
Richard D. King, Jr., Federal Bar No. CT23997
Nathan A. Tilden, Federal Bar No. CT24011
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA  02171
Tel.  (617) 770-2214

Dated:  November 10, 2005