UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 MRK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY<br>    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) |
| ARTHUR M. SEIGEL, M.D.,<br>ARTHUR M. SEIGEL, M.D., P.C.,<br>and ELLEN SEIGEL,<br>    Defendants. | )<br>)<br>)<br>) |

### MEMORANDUM OF FACT AND LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO DISCLOSE FEDERAL BUREAU OF INVESTIGATION RECORDS

**I.   INTRODUCTION**

Now come plaintiffs, Allstate Insurance Company and Allstate Indemnity Company (hereinafter collectively referred to as "Allstate") pursuant to 5 U.S.C. §552a(b)(ii) and submit the within memorandum in support of its Motion for Order to Disclose Federal Bureau of Investigation Records.

Allstate seeks disclosure of the investigative summaries and witness interview summaries compiled by the FBI in connection with its investigation of Arthur Seigel. Allstate's claims against the defendants arise out of an alleged conspiracy to defraud Allstate through the creation and submission of false medical documentation, causing Allstate to pay first and third-party insurance claims. The investigative reports and summaries sought by this request (which have already been produced in redacted form) pertain to (1) the undercover agent appointments with Dr. Seigel, and (2) the individuals interviewed by the FBI who reported that they were billed for, but did not receive, Needle EMG testing by Dr. Seigel. This information is corroborative of the scheme alleged in Allstate's complaint and constitutes relevant evidence discoverable pursuant

to Rule 26, Fed. R. Civ. P.  It is Allstate's understanding that plaintiffs are in possession of the unredacted investigatory material sought by this request.  The plaintiffs refuse to disclose such material absent "government permission."

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case is brought pursuant to Title 18 U.S.C. §1962, Racketeer Influenced and Corrupt Organizations Act; Conn. Gen. Stat. § 42-110b, Connecticut Unfair Trade Practices Act ("CUPTA"), Conn. Gen. Stat. § 53-442, Connecticut Health Insurance Fraud Act, and common law fraud.  By its Complaint, Allstate alleges that the defendants, Arthur M. Seigel, M.D. (hereinafter "Dr. Seigel") and Arthur M. Seigel, M.D., P.C. (hereinafter "Seigel, P.C."; or collectively "fraud defendants") defrauded Allstate by creating and submitting false medical documentation through the U.S. Mail in support of motor vehicle insurance claims.  Allstate claims that Seigel caused it to pay for medical services that were (1) not warranted, (2) not performed, and/or (3) not performed correctly/completely in connection with rendering bogus medical diagnoses.

Following detection by the FBI of his fraudulent billing practices, Dr. Seigel was charged with one count of mail fraud in violation of 18 U.S.C. §1341.  Dr. Seigel confessed and agreed to a plea bargain.  Pursuant to his guilty plea, Dr. Seigel acknowledged that he knowingly and with intent to defraud, submitted bills to insurance companies for Needle EMG procedures that were never performed.  Dr. Seigel's admitted objective was to cause insurers to pay him money to which he was not entitled.

As part of its investigation, the FBI, among other things, interviewed former Seigel patients regarding the treatment and medical bills they received from Dr. Seigel.  In addition, two undercover agents posing as automobile accident victims documented multiple appointments with Dr. Seigel, wherein he did not perform the Needle EMG testing for which he subsequently

2

billed. Such information is consistent with, corroborates, and further supports Allstate's allegations regarding Seigel's scheme to defraud insurers by issuing false and misleading medical records and invoices and demanding payment for medical testing not performed. Accordingly, such information constitutes relevant, discoverable material pursuant to Rule 26, Fed. R. Civ. P.

### III. LEGAL ANALYSIS

#### A. THE COURT MAY ORDER THE DISCLOSURE OF THESE FBI RECORDS BECAUSE THEY ARE RELEVANT TO THIS MATTER

Title 5 U.S.C. §522a(b)(11) provides in relevant part: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the records pertain, unless disclosure of the record would be . . . (11) pursuant to the order of a court of competent jurisdiction."

In Laxalt v. McClatchy, the court recognized that "the plain language of the statute [5 U.S.C. 522a] permits disclosure 'pursuant to the order of a court of competent jurisdiction.'" 809 F.2d 885, 888 (D.C. Cir. 1987) (quoting 5 U.S.C. § 522a(b)(11) (1982)). "Neither the statute nor anything in its legislative history specifies the standards for issuance of such a court order. We therefore find no basis for inferring that the statute replaces the usual discovery standards of the FRCP – in particular, Rules 26 and 45(b) – with a different and higher standard." Id. "We therefore hold that a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP." Id. at 889; see also Ford Motor Co. v. United States, 825 Fed. Supp. 1081 (1993) (same).

Allstate requested a complete unredacted copy of the investigation file in the possession of the FBI relating to its investigation, which culminated in the subsequent prosecution and

3

conviction of Arthur Seigel by the U.S. Attorney in <u>U.S. v. Arthur M. Seigel</u>, 3:01 CR 274 (AHN). The FBI responded by providing redacted versions of statements in its possession citing Title 5 U.S.C. § 522a(b) as the reason it could not disclose all of the requested information.

In order for the FBI to disclose the information sought, Title 5 U.S.C. § 552a(b)(11) requires a Court order authorizing its disclosure. To order disclosure of the information sought, this Court must specifically indicate that:

> The Court has considered the provisions of the Privacy Act and its purposes have been considered and the information sought is relevant to this proceeding.

As such, plaintiffs move for an order consistent with the above referenced parameters and have attached a proposed order hereto.

## IV.  CONCLUSION

For all the foregoing reasons, Allstate respectfully requests that this Court enter an Order authorizing the disclosure of the investigative summaries and summary of witness statements pertaining to the FBI investigation of Arthur M. Seigel.

                Respectfully Submitted,
                *Allstate Insurance Company and Allstate Indemnity Company*,
                By Their Attorneys,

                _____
                David O. Brink, Federal Bar No. CT23989
                Richard D. King, Jr., Federal Bar No. CT23997
                Nathan A. Tilden, Federal Bar No. CT24011
                Smith & Brink, P.C.
                122 Quincy Shore Drive
                Quincy, MA  02171
                Tel.     (617) 770-2214

Dated: November ___, 2005