UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY <br> Plaintiffs, | ) <br> ) <br> ) C. A. NO. 303 CV 0577 MRK <br> ) |
| v. | ) <br> ) <br> ) |
| ARTHUR M. SEIGEL, M.D., <br> ARTHUR M. SEIGEL, M.D., P.C. <br> and ELLEN SEIGEL, <br> Defendants. | ) <br> ) NOVEMBER 29, 2005 <br> ) <br> ) |

## MEMORANDUM IN OPPOSTION TO PLAINTIFFS' MOTION FOR DISCOVERY OF FBI RECORDS

The motion for a discovery order against the FBI should be denied for a multitude of reasons. It is untimely, as the initial discovery phase in this action, extended for a three month period only for limited depositions by defendants, expired close to one year ago. I have reviewed my file concerning all written discovery requests, and I find nothing reflecting formal discovery of any kind concerning F.B.I. reports. I have a vague recollection of a conversation concerning Jencks' material a couple of years ago, and my response probably would have been that, under what I understand are the criminal rules, I could not part with the material without approval of the government. If the

conversation actually took place, plaintiffs obviously did nothing about that for a very long time.

More important, the material requested is not germane or necessary for the case. The two FBI agents cited were not Allstate insureds or, if they were, bills were never submitted to and paid by Allstate. We do not believe the non-Allstate insured FBI agents' testimony would be admissible. Dr. Seigel has conceded that he failed to perform EMG testing on a significant number of patients for whom the test was billed. As for the hundreds of Allstate insureds listed in the Complaint, plaintiffs have written all of them and received responses from a modest number. Depositions were noticed for 30 or 40 of them. The documentation we have, from Allstate itself, indicates that plaintiffs (on behalf of the government) ran around to some of their insureds, and sent material to the Case Agent concerning Allstate insureds claiming they had not been given EMG tests which had been billed. This request represents an unnecessary eleventh hour attempt to reopen discovery in the case.

THE DEFENDANTS
ARTHUR M. SEIGEL, M.D.; ARTHUR M.
SEIGEL, P.C.; ELLEN SEIGEL

By_____
Ira B. Grudberg
David L. Belt
Joshua D. Lanning (ct24529)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, Connecticut 06503
Telephone No. (203) 772-3100
Facsimile No. (203) 772-1691
email:  jlanning@jacobslaw.com

## CERTIFICATION

I hereby certify that the foregoing Memorandum in Opposition to Plaintiffs' Motion for Discovery of FBI Records has been served by placing a copy thereof in the United States mail, first class postage prepaid, this 28th day of November, 2005, addressed to:

Joel Rottner, Esq.
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134-0890

David O. Brink, Esq.
Richard D. King, Jr., Esq.
Nathan A. Tilden, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive, 2nd Floor
Quincy, MA 02171

_____
Ira B. Grudberg