UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 MRK

ALLSTATE INSURANCE COMPANY and )
ALLSTATE INDEMNITY COMPANY, )
    Plaintiffs, )
)
)
v. )
)
)
ARTHUR M. SEIGEL, M.D., )
ARTHUR M. SEIGEL, M.D., P.C., )
and ELLEN SEIGEL, )
    Defendants. )

## MEMORANDUM OF FACT AND LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

*If I get a [motion for summary judgment] from you arguing that ... on the basis of documents, I am supposed to decide that nobody had the intent to defraud and nobody as a matter of law defrauded somebody else, I'm really not going to be happy and I will, actually, entertain, if its over the top, I'm going to really entertain motions for sanctions for the abuse of the motion...*

Honorable Mark R. Kravitz, May 19, 2005, hearing on Allstate's Motion for Partial Summary Judgment, transcript at 40; Exhibit F to defendants' Motion for Summary Judgment (hereinafter "Defendants' Exhibit F").

I.    **INTRODUCTION**

Now come plaintiffs, Allstate Insurance Company and Allstate Indemnity Company (hereinafter collectively referred to as "Allstate") and submit the within Memorandum of Fact and Law in support of its motion for Rule 11 sanctions.

In further support for its motion for sanctions, Allstate respectfully directs this Court's attention to (1) Plaintiffs' Memorandum of Fact and Law in Support of Opposition to Defendants' Motion for Summary Judgment; (2) Memorandum of Fact and Law in Support of Plaintiffs' Motion to Strike Exhibit A Filed in Support of Defendants'

Motion for Summary Judgment; and (3) Plaintiffs' Memorandum of Fact and Law in Support of Motion to Dismiss Counterclaim, which were previously filed with this Court on November 10, 2005. Allstate incorporates by reference the aforementioned pleadings herein as if set forth in their entirety.

## II. SPECIFIC CONDUCT ALLEGED TO VIOLATE RULE 11(b) FED. R. CIV. P.

In the Second Circuit:

> At a minimum, the notice requirement mandates that the subject of a [Rule 11] sanctions motion be informed of: . . . the specific conduct or omissions for which the sanctions are being considered so that the subject of the sanctions can prepare a defense. . . . Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable.

Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (citations omitted). "This notice requirement permits the subjects of sanctions motions to confront their accuser and rebut the charges leveled against them in a pointed fashion. Moreover, when Rule 11 sanctions are initiated by the motion of a party, it gives the subject the opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir. 2003).

Pursuant to Rule 11(c)(1)(A), Allstate maintains that defendants and/or their counsel have engaged in the following specific conduct violative of subdivision (b):

- Despite the Court's prior warning, defendants filed a frivolous motion for summary judgment (1) making unsupported factual contentions and unwarranted denials of factual contentions, and (2) advancing objectively unreasonable legal arguments and defenses in violation of Rule 11(b)(2)-(4). In addition, defendants submitted voluminous purported Rule 56 material in Exhibit A to support their motion for summary judgment

that is not in a form appropriate for the Court's consideration, whereas Exhibit A contains inaccurate, misleading, argument presented in nonevidentiary fashion, beyond the scope of Rule 56 consideration. In connection with their motion for summary judgment, defendants also misrepresented the status of Allstate's disclosure of its medical expert, Neil Amdur Busis, M.D. – "There has been no expert disclosure of Dr. Busis." Memorandum in Support of Defendants' Motion for Summary Judgment, page 5, footnote 3.

- The defendants' submitted a frivolous counterclaim (25 months after Allstate filed its Amended Complaint, beyond the discovery deadline and within three (3) months of trial) that is procedurally and substantively out of time and fails to state a claim upon which relief may be granted.

## III. APPLICABLE LAW

Rule 11, Fed. R. Civ. P., entitled **SIGNING OF PLEADINGS, MOTIONS, AND OTHER PAPERS; REPRESENTATIONS TO THE COURT; SANCTIONS** provides, in pertinent part, as follows:

> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 16, Fed. R. Civ. P., entitled **STATUS AND SETTLEMENT CONFERENCES AND ADR**, provides, in pertinent part, as follows:

**(g) Sanctions Against Counsel**

(1) It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice.

## IV.   STANDARD OF REVIEW

"The standard for triggering the award of fees under Rule 11 is objective unreasonableness, . . . and is not based on the subjective beliefs of the person making the statement." Storey, 347 F.3d at 387. The imposition of sanctions for a Rule 11 violation lies within the sound discretion of the trial court. Perez v. Posse Comitatus, 373 F.3d 321, 326 (2d Cir. 2004).

4

> This deferential standard is applicable to Rule 11 sanctions, because, as in many other contexts, the district court is familiar with the issues and litigants and is thus better situated than the Court of Appeals to marshal the pertinent facts and apply a fact-dependent legal standard.

Storey, 347 F.3d at 387.

V. **ARGUMENT**

> Rule 11 seeks to discourage dilatory and abusive litigation tactics and eliminate frivolous claims and defenses, thereby speeding up or reducing the cost of the litigation process.

Paganucci v. City of New York, 993 F.2d 310, 312 (2d Cir. 1993).

A. **THE DEFENDANTS FILED A FRIVILOUS MOTION FOR SUMMARY JUDGMENT IN VIOLATION OF RULE 11**

Contrary to this Court's warning, the defendants filed a frivolous ("over the top") motion for summary judgment (1) making unsupported factual contentions and unwarranted denials of factual contentions; (2) advancing objectively unreasonable legal arguments and defenses; (3) for the improper purposes to harass Allstate, cause an unnecessary delays, reopen discovery and/or needlessly increase the cost of litigation in violation of Rule 11(b)(2)-(4).

The United States District Court for the Southern District of New York awarded a plaintiff sanctions in an analogous case:

> The procedural background of this motion for summary judgment supports an inference of bad faith in bringing this motion. Defendants sought to amend their answer, first without leave of the Court, and then sought amendment *nunc pro tunc* on the precise issue of *inter alia* defense of publc policy, all without raising the legal issue regarding non-waiver of public policy defenses. Instead of bringing a motion for reconsideration, on the eve of this Court's pre-trial conference to set a trial date for what has become a case of Byzantine complexity, defendants sought this procedurally unsound motion for summary judgment. In this case, therefore, the Court finds bad faith on the part of

defendants for filing this motion and sanctions are warranted. See Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1254 (2d Cir.), cert. denied, 506 U.S. 820, 121 L. Ed. 2d 34, 113 S. Ct. 67 (1992) (affirming Rule 11 sanctions even though district court erred in denying original motion to dismiss, because district court did not impose sanctions for substance of defendant's motion but rather because making subsequent motion at that juncture, given Local Rule 3(j) and the law of the case doctrine, was not justified by existing law or a good faith argument for the extension, modification, or reversal of existing law).

Therefore, because defendant has sought to needlessly delay this action, and because the Court finds the motion was objectively unreasonable and brought in bad faith, plaintiff's motion for sanctions pursuant to Rule 11 and 1927 is granted. Plaintiff's attorneys are directed to submit an affidavit setting forth the total hours spent and legal services rendered in connection with defendant's summary judgment motion and plaintiff's motion for sanctions, as well as counsel's hourly fee.

Wechsler v. Hunt Health Systems, LTD., 216 F. Supp. 2d 347, 357-358 (S.D.N.Y. 2002).

As detailed with specificity in the Plaintiffs' Memorandum of Fact and Law in Opposition to Defendants' Motion for Summary Judgment, Allstate's claims are premised upon several fraud theories, each of which is supported in the record by an abundance of Rule 56 material sufficient to withstand defendants' Motion for Summary Judgment. Accordingly, at the time they filed their Rule 56 Motion, it could not have been reasonably argued that there were no disputed material facts warranting summary judgment.

Moreover, the defendants have provided materially false information to the Court in connection with their motion for summary judgment. Specifically, in footnote 3 on page 5 of their Rule 56 Memorandum, defendants allege as follows:

6

> The only conceivable evidence related to the alleged Nerve Conduction Fraud, Pattern Diagnosis Fraud, or Misleading Diagnosis Fraud, would be the testimony of Dr. Neil Busis, whose affidavit was attached to Allstate's Complaint. There has been no expert disclosure of Dr. Busis, however, though the deadline has passed and, in fact, the Court precluded defendants from filing further disclosures. Moreover, as discussed infra, his testimony (based solely on the review of Allstate's claim files) could not establish fraud.

Despite their attempt to obscure the facts and procedural history of this case, defendants have been on notice of Allstate's medical expert, Dr. Neil Amdur Busis, from the commencement of this case. Contrary to the incorrect information provided in footnote 3, Allstate disclosed its medical and statistical experts by overnight delivery service on April 29, 2005, in accordance with FRCP 26(2), and the Scheduling Order issued by this Court dated May 19, 2004. A copy of the April 29, 2005, cover letter, accompanying shipping label and proof of delivery are annexed as Exhibit 18 to Plaintiffs' Memorandum of Fact and Law in Opposition to Defendants' Motion for Summary Judgment.

The defendants' misrepresentation regarding disclosure of Allstate's medical expert is incredible in light of the documented travel of the case to date. Dr. Busis was the medical expert hired by the United States Attorney in connection with the criminal prosecution of Dr. Seigel. Dr. Seigel's counsel in the case at bar, Ira Grudberg, also was counsel of record in Seigel's criminal case. Dr. Busis testified (and was subject to cross examination by defense counsel) at Dr. Seigel's sentencing hearing on May 21, 2002. Dr. Busis was thereafter retained by Allstate. Dr. Busis was the affiant in support of Allstate's Motions for Pre-Judgment Remedy filed at the commencement of the case at bar in April 2003. Dr. Busis was formally disclosed through his Rule 26 expert report

7

signed under the pains and penalties of perjury and served on defendants consistent with the requirements set forth in this Court's Scheduling Order. Moreover, during the hearing on Allstate's Motion for Partial Summary Judgment, on May 19, 2005, Seigel's counsel acknowledged Dr. Busis as one of Allstate's experts. Exhibit F to Defendants' Motion for Summary Judgment.

It is undisputed that "a party or an attorney violates Rule 11(b)(3) when he falsely represents to the Court that the allegations and other factual citations he made have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigations or discovery," Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003); see Jeffreys v. Rossi, 275 F. Supp 2d 463, 479 (S.D.N.Y. 2003) (requiring counsel to conduct a reasonable inquiry).

> What constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer, whether he had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the law.

Jeffreys, 265 F. Supp. 2d at 480. In the case at bar, it is clear that each of these factors weighs in favor of the imposition of sanctions whereas (1) defendants' counsel has had ample opportunity to conduct a reasonable investigation with respect to Allstate's expert disclosures (especially in light of further notification at the May 19, 2005 hearing); (2) the expert report was served directly on defendants' counsel; and (3) defendants' motion for summary judgment was devoid of merit.

In addition, defendants' Exhibit A filed in support of their motion for summary judgment is further evidence of defendants' Rule 11 misconduct. Exhibit A contains a two-paragraph commentary by defendants' counsel that provides as follows:

> We ***believe*** plaintiffs have attempted to leverage a number of improper and false $140 charges for needle EMG testing which was not done into what plaintiffs put forth as a huge damages claim based on a so-called "Seigel effect." While there is little or no expert or other support for the number of other "frauds" listed in the Complaint, we ***believe*** a study of the Allstate claimant files making up the original 241 "fraud" claims is very instructive in terms of realization that, other than being a specialist, Seigel's influence in the case is much less important than other factors, and sometimes negative.
> Rather than having a very lengthy portion of the Memorandum argument tied up with this, we have decided to list and file with the court, relevant portions of Allstate's "Seigel files", with sometimes ***argumentative*** comments on the backup material Exhibits.

(emphases added).

Thereafter, the defendants discuss 79 claims in connection with which they *opine* that factors other than the "Seigel Effect" predicted the overall value of the settlement. Notably, these individual claimant commentaries contain inaccurate, misleading and wholly subjective, self-serving argument pertaining to documents which constitute inadmissible hearsay. Exhibit A is comprised of non-Rule 56, material beyond the scope of appropriate consideration on defendants' Motion for Summary Judgment.

The defendants appeared before this Court on May 19, 2005 in connection with Allstate's Motion for Partial Summary Judgment. At that time, the Court warned defendants against filing a frivolous "over-the-top" Motion for Summary Judgment. It is hard to conceive of a court filing that could be more "over the top" than Defendants' Exhibit A. Adding insult to injury, the very nature of the bombastic, conclusory

9

argument advanced in defendants' Exhibit A confirms the presence of material disputed facts precluding entry of summary judgment in favor of defendants.

For all the foregoing reasons, this Court should enter an Order (1) finding that defendants violated Rule 11, Fed. R. Civ. P.; (2) and awarding monetary sanctions in favor of Allstate.

### B. THE DEFENDANTS FILED A MERITLESS, FRIVOLOUS COUNTERCLAIM IN VIOLATION OF RULE 11

Arthur Seigel and Seigel, P.C., have advanced a frivolous counterclaim that is time barred, and fails to state a claim upon which relief can be granted. It is clear that defendants' counterclaim was filed late and on the eve of trial for an improper motive to cause delay and/or reopen discovery and needlessly increase litigation costs.

In Jacques v. Dimarzio, Inc., 216 F. Supp. 2d 139 (E.D.N.Y. 2002), the Court awarded sanctions where "defendant's counterclaim . . . [was] patently devoid of allegations rising to a colorable claim for any of the fact theories that defendant's counsel . . . belatedly conjured." Id. at 143. In doing so, the Court held:

> The factually unsupported, conclusory lay nature of the counterclaim can only realistically be viewed, as suspected by the Court in its prior decision, as a bad faith retaliatory *in terrorem* tactic against the plaintiff for bringing her claims to the court. This conduct constitutes the type of abuse of the adversary system that Rule 11 was designed to guard against. The Court reiterates its admonition to the practicing bar against asserting baseless, retaliatory counterclaims.

Id. at 144 (emphasis in original) (citations omitted).

Contrary to defendants' counterclaim, it is beyond debate that Allstate possessed good-faith, probable cause to file its state court action to (a) protect its insureds in third-party claims and litigation involving claimants who purportedly received medical treatment from Dr. Seigel, and (b) protect the integrity of essential, material evidence

10

(i.e., Dr. Seigel's medical records and invoices) for prosecution of Allstate's recovery action. The defendants are well aware of the reasons that lead Allstate to pursue state-court relief. At the time Allstate filed its state court action: (1) Dr. Seigel had recently been sentenced to incarceration in federal prison; (2) his wife and office manager, Ellen Seigel, was tasked with winding up the affairs of Arthur M. Seigel, P.C.; (3) Siegel was seeking the immediate return of all medical records and invoices following his criminal sentencing in May 2002; and (4) Dr. Seigel, a convicted felon who had engaged in crimes of dishonesty, arguably had ample motive to protect himself against further criminal and civil liability. Based upon the totality of circumstances, Allstate's action to preserve the status quo by preserving Seigel's records from destruction or removal from this Court's jurisdiction was clearly justified.

The defendants' counterclaim <u>filed 25 months after</u> Allstate filed its Amended Complaint, <u>after</u> discovery had closed, and within three months of trial lacks merit, is frivolous and interposed for an improper purpose in violation of Rule 11 (b)(1)-(4), Fed. R. Civ. P. The defendants' conduct is objectively unreasonable and leads inevitably to the reasonable conclusion that the counterclaim has been interposed to cause delay, reopen discovery, prejudice Allstate and frustrate the Court's and Allstate's interest in the efficient administration of this litigation. Such conduct is violative of Rule 11 warranting the entry of an Order sanctioning defendants or their counsel.

## VI. <u>CONCLUSION</u>

For all the foregoing reasons, Allstate respectfully requests that this Court enter an Order (1) finding that the defendants violated Rule 11, Fed. R. Civ. P.; and (2) awarding Allstate compensatory damages for the unnecessary fees and costs incurred in responding

11

to defendants' Motion for Summary Judgment and defendants' purported Counterclaim. In addition, Allstate respectfully requests that this Court impose the following sanctions:

- Strike Exhibit A filed in support of Defendants' Motion for Summary Judgment;
- Deny Defendants' Motion for Summary Judgment;
- Dismiss defendants counterclaim with prejudice; and
- Preclude defendants from filing further papers and/or moving to exclude or restrict expert testimony from Doctors Busis, Erath and Weisberg,

and any other relief this Court deems appropriate.

Respectfully Submitted,
Plaintiffs,
*Allstate Insurance Company and Allstate Indemnity Company,*
By their Attorneys,

_____
David O. Brink, Federal Bar No. CT23989
Richard D. King, Jr., Federal Bar No. CT23997
Nathan A. Tilden, Federal Bar No. CT24011
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA 02171
Tel: (617) 770-2214

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

I, Richard D. King, Jr., Esq., attorney for the plaintiffs, Allstate Insurance Company and Allstate Indemnity Company, hereby certify that I served via first-class mail a copy of the documents listed below to:

Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0606


Joel Rottner, Esq.
Skelly & Rottner, P.C.
433 S. Main St.
West Hartford, CT 06610-1670

- *Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11*
- *Memorandum of Fact and Law in Support of Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11*

Said documents were served pursuant to Rule 11's Safe Harbor provision.

_____
Richard D. King, Jr.

Dated: November 18, 2005.

3

# SMITH & BRINK, P.C.
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

Richard D. King, Jr.
rking@smithbrink.com

*Admitted in Massachusetts and Rhode Island*

122 QUINCY SHORE DRIVE
SECOND FLOOR
QUINCY, MASSACHUSETTS 02171

TELEPHONE: (617) 770-2214
FAX: (617) 774-1714
www.SmithBrink.com

**SPRINGFIELD OFFICE**
191 CHESTNUT STREET
SUITE 3D
SPRINGFIELD, MA 01103
TELEPHONE: (413) 746-8122
FAX: (413) 781-6290

**DANVERS OFFICE**
99 ROSEWOOD DRIVE
UNIT 240
DANVERS, MA 01923
TELEPHONE: (978) 646-9114
FAX: (978) 646-9264

**PROVIDENCE OFFICE**
ONE STATE STREET
SUITE 400
PROVIDENCE, RI 02908
TELEPHONE: (401) 351-9970
FAX: (401) 274-6218

**Certified Article Number**
7160 3901 9849 3059 7117
**SENDERS RECORD**

November 18, 2005

**VIA FACSIMILE and CERTIFIED MAIL, R/R/R**
Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0606

Re:  Allstate Insurance Company v. Arthur M. Seigel, M.D., Arthur M. Seigel, M.D., P.C. and Ellen Seigel
     United States District Court for the District of Connecticut,
     Civil Action No.: 303 CV 0577 MRK
     **Our File No.:**   20509.AS

Dear Attorney Grudberg:

Enclosed herewith, please find the following documents served upon you pursuant to Rule 11 Fed. R. Civ. P.:

1. Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

2. Memorandum of Fact and Law in Support of Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11

Pursuant to Rule 11's Safe-Harbor provision, you have 21 days to withdraw defendants' Motion for Summary Judgment (including Exhibit A) and defendants' Counterclaim. In the event your clients continue to press these matters, Allstate will file the enclosed motion. Please be advised that a copy of the motion was inadvertently mailed to the Clerk's office. We have contact the Clerk's office and advised that the filing was in error and to disregard the motion consistent with the Rule 11 Safe-Harbor provision. The court would have rejected the motion in any even as it was sent without the accompanying disk.

Thank you for your continued professional courtesy and attention to the foregoing. I look forward to speaking with you soon.

Very truly yours,

Richard D. King, Jr.

RDK/kmp
Enclosures

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

SMITH & BRINK PC
122 QUINCY SHORE DR 2ND FL
QUINCY MA  02171-2906

**SMITH & BRINK, P.C.**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

122 QUINCY SHORE DRIVE
SECOND FLOOR
**QUINCY, MASSACHUSETTS 02171**

TELEPHONE: (617) 770-2214
FAX: (617) 774-1714
E-MAIL: SmitBrin@aol.com

SPRINGFIELD OFFICE
191 CHESTNUT STREET
SUITE 3D
SPRINGFIELD, MA 01103
TELEPHONE: (413) 746-8122
FAX: (413) 781-6290
E-MAIL: SFSmitBrin@aol.com

DANVERS OFFICE
99 ROSEWOOD DRIVE
UNIT 204
DANVERS, MA 01923
TELEPHONE: (978) 646-9114
FAX: (978) 646-9264

PROVIDENCE OFFICE
2 CHARLES STREET
3RD FLOOR
PROVIDENCE, RI 02904
TELEPHONE: (401) 351-9770
FAX: (401) 274-6218

PLEASE REPLY TO
QUINCY OFFICE

# Fax Cover Sheet

*The pages comprising this facsimile transmission contain confidential information from SMITH & BRINK, P.C. This information is intended solely for use by the individual entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so we may arrange to retrieve this transmission at no cost to you. Thank you.*

**DATE:**     November 18, 2005

**TO:**     IRA B. GRUDBERG, ESQ.     FAX: 203-772-1691
                                                            PHONE:

**FROM:**     RICHARD D. KING, JR., ESQ.     FAX: (617) 774-1714
                                                                        PHONE (617) 770-2214

**RE:**     Allstate Insurance Company v. Arthur M. Seigel, M.D., Arthur M. Seigel, M.D., P.C. and Ellen Seigel
Civil Action No.:     303 CV 0577 MRK
**Our File No.:**     20509.AS

*Number of pages sent 18 including cover sheet.*

**MESSAGE:**

**NOTE:** Should you not receive all pages or have a problem with the transmittal of the facsimile, please contact Kristin Petrucci, Legal Assistant to Nathan Tilden, Esq. at (617) 774-2214 ex. 272. Thank you.



```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 11/18/2005 11:22
                                    NAME  : SMITHBRINK
                                    FAX   : 6177741714
                                    TEL   : 6177702214
                                    SER.# : BROB3J209656


DATE,TIME                 11/18  11:17
FAX NO./NAME              12037721691
DURATION                  00:05:19
PAGE(S)                   18
RESULT                    OK
MODE                      STANDARD
                          ECM
```

# SMITH & BRINK, P.C.
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

122 QUINCY SHORE DRIVE

SECOND FLOOR

QUINCY, MASSACHUSETTS 02171

TELEPHONE: (617) 770-2214
FAX: (617) 774-1714
E-MAIL: SmitBrin@aol.com

**SPRINGFIELD OFFICE**
191 CHESTNUT STREET
SUITE 3D
SPRINGFIELD, MA 01103
TELEPHONE: (413) 746-8122
FAX: (413) 781-6290
E-MAIL: SPSmitBrin@aol.com

**DANVERS OFFICE**
99 ROSEWOOD DRIVE
UNIT 204
DANVERS, MA 01923
TELEPHONE: (978) 646-9114
FAX: (978) 646-9264

**PROVIDENCE OFFICE**
2 CHARLES STREET
5th FLOOR
PROVIDENCE, RI 02904
TELEPHONE: (401) 351-9770
FAX: (401) 274-6218

PLEASE REPLY TO
QUINCY OFFICE

# Fax Cover Sheet

*The pages comprising this facsimile transmission contain confidential information from SMITH & BRINK, P.C. This information is intended solely for use by the individual entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so we may arrange to retrieve this transmission at no cost to you. Thank you.*

**DATE:**      November 18, 2005

**TO:**        IRA B. GRUDBERG, ESQ.          FAX: 203-772-1691
                                              PHONE:

**FROM:**      RICHARD D. KING, JR., ESQ.     FAX: (617) 774-1714
                                              PHONE (617) 770-2214

**RE:**        Allstate Insurance Company v. Arthur M. Seigel, M.D., Arthur M. Seigel, M.D., P.C.
               and Ellen Seigel