## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

C. A. NO.  303 CV 0577 MRK

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY and** | ) | |
| **ALLSTATE INDEMNITY COMPANY,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ARTHUR M. SEIGEL, M.D.,** | ) | |
| **ARTHUR M. SEIGEL, M.D., P.C.,** | ) | |
| **and ELLEN SEIGEL,** | ) | |
| **Defendants.** | ) | **December 9, 2005** |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

### I.    INTRODUCTION

Now come plaintiffs, Allstate Insurance Company and Allstate Indemnity Company (hereinafter collectively referred to as "Allstate") and submit the within Supplemental Memorandum in support of its motion for Rule 11 sanctions.  Allstate is filing this Supplemental Memorandum to provide the Court with a complete synopsis of Rule 11 conduct impacting this Court's Rule 11 analysis.

Allstate served defendants counsel, via certified mail, return receipt requested pursuant to Rule 11's Safe Harbor provision on November 14, 2005.  To date, Allstate has not received any response.  Nor have the defendants withdrawn their (1) motion for summary judgment; and (2) purported counterclaim.  Notably, since service of the Rule 11 motion, defendants and/or their counsel have continued to advance inaccuracies respecting material issues in support of defendants' Motion for Summary Judgment.

Specifically, defendants' Reply Brief  to Allstate's Opposition to Motion for Summary Judgment misrepresents the history and travel of the case with regard to

Allstate's fraud allegations. Allstate has at all times maintained that Dr. Seigel engaged in CPT Upcoding. (Complaint ¶¶ 89, 296, 406, 442 (Docket No. 1); Affidavit of Neil Amdur Busis ¶ 46 (Docket No. 18); Amended Complaint ¶¶ 89, 296, 407, 443 (Docket No. 38); Expert Report (Neurology and Electrodiagnostic Medicine) of Neil Amdur Busis, M.D., pursuant to Fed. R. Civ P. 26(2), p. 2-3, 7-8, served on defendants' counsel on April 29, 2005 (Plaintiffs' Exhibit 3); Arthur Seigel deposition (Plaintiffs' Exhibit 1 at 384-385), wherein Dr. Seigel acknowledges that he always billed for the highest CPT code).

Rule 11 requires an attorney certified that:

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

There can be no reasonable debate that defendants were on notice of all of Allstate's fraud theories including (CPT Upcoding) as of April 2003. Despite this, the defendants signed and filed a pleading containing the following:

> For the <u>first</u> time in its Opposition Memorandum, Allstate alleges that Dr. Seigel committed so-called "CPT Upcoding Fraud," which apparently means that he submitted bills containing CPT codes unwarranted in light of treatment actually rendered. Allstate's Amended Complaint is silent on this issue though Needle EMG Fraud, NCS Fraud, Misleading Diagnosis Fraud, and Pattern Diagnosis Fraud are alleged with relative particularity. [Amended Complaint pp. 75-78]. Allstate's Civil RICO Statement is silent on this issue. Nor is CPT Upcoding Fraud included in the damages analysis which appears on page 85 of Allstate's Amended Complaint. Indeed Allstate failed to mention "CPT Upcoding Fraud" in ever pleading from the inception of this litigation in April 2003 until now.

* * *

> Here, the Amended Complaint contains no allegations of
> so-called CPT Upcoding Fraud, let alone information as to
> which patients such fraud is alleged or in what way codes
> submitted as to those patients are fraudulent.  A general
> allegation in a legal memorandum file over two years after
> the Amended Complaint is plainly insufficient.

(Reply Brief pg. 12).

Based upon the foregoing well-pled allegations contained in Allstate's Complaint

and Amended Complaint, as well as the testimony contained within the Affidavit of Neil

Busis and Expert Report of Neil Amdur Busis, M.D., Allstate clearly has sufficient (for

purposes of Rule 56) evidentiary support for its CPT Upcoding fraud contentions.

Moreover, the defendants have no support (evidentiary or otherwise) for their denial of

the CPT Upcoding fraud allegations.  Dr. Seigel has conceded that in every automobile

accident case he billed his patients at the CPT Code 99245 level.  Plaintiffs' Exhibit 1 at

384-385.  Dr. Busis has opined that Dr. Seigel's records do not support the invoice for

CPT Code 99245.  Yet, the defendants claim ignorance as to which patients Allstate is

referring to.  Moreover, defendants claim ignorance regarding in "what way codes

submitted as to those patients are fraudulent".  As detailed in the original Complaint,

Amended Complaint, and Expert Report of Neil Amdur Busis, M.D. (who the defendants

chose not to depose), the initial evaluation CPT codes employed by Dr. Siegel were

deficient and deceptive in the following manner:

> Seigel, P.C. (and/or Dr. Seigel) customarily billed for a
> patient's initial office consultation under CPT Code 99245
> at $295.00.  The criteria used to properly assign the correct
> CPT Code to an initial patient examination under oath
> includes consideration of the following components:

|  | History | Examination | Medical Decision Making | Face To Face Time |
|---|---|---|---|---|
| 99241 | Problem focused | Problem focused | Straight forward | 15 minutes |
| 99242 | Expanded problem focused | Expanded problem focused | Straight forward | 30 minutes |
| 99243 | Detailed | Detailed | Low complexity | 40 minutes |
| 99244 | Comprehensive | Comprehensive | Moderate complexity | 60 minutes |
| 99245 | Comprehensive | Comprehensive | High complexity | 80 minutes |

Thus, the CPT guidelines anticipate that a charge for CPT code 99245 would include (1) a comprehensive history, (2) a comprehensive examination, (3) medical decision making of "high complexity," or (4) face to face time of 80 minutes.

The factors considered to determine the "complexity" of medical decision-making when assigning a proper CPT Code designation include:

|  | Number Of Diagnoses Or Management Options | Amount And/Or Complexity Of Data To Be Reviewed | Risk Of Complications And/Or Morbidity Or Mortality |
|---|---|---|---|
| **Straight forward medical decision making (CPT Code 99241-99242)** | Minimal | Minimal or none | Minimal |
| **Low complexity medical decision making (CPT Code 99243)** | Limited | Limited | Low |
| **Moderate complexity medical decision making (CPT Code 99244)** | Multiple | Moderate | Moderate |
| **High complexity medical decision making (CPT Code 99245)** | Extensive | Extensive | High |

In the 600 claim files reviewed, Seigel billed patients under CPT Code 99245 in excess of 90% of the time.

Seigel's fraudulent administration of and billing in connection with alleged electrodiagnostic testing included one or a combination of the following:

\* \* \*

4

(4)    evidence of CPT upcoding and/or insufficient medical
documentation to warrant the level of CPT Code
assigned in connection with the charges for initial
consultations and/or follow-up examinations of
patients.

Plaintiffs' Exhibit 3 at 7-8.

## II.    <u>CONCLUSION</u>

For all the foregoing reasons, Allstate respectfully requests that this Court enter an

Order (1) finding that the defendants violated Rule 11, Fed. R. Civ. P.; and (2) awarding

Allstate compensatory damages for the unnecessary fees and costs incurred in responding

to defendants' Motion for Summary Judgment and defendants' purported Counterclaim.

In addition, Allstate respectfully requests that this Court impose the following sanctions:

- Strike Exhibit A filed in support of Defendants' Motion for Summary Judgment;

- Deny Defendants' Motion for Summary Judgment;

- Dismiss defendants counterclaim with prejudice; and

- Preclude defendants from filing further papers and/or moving to exclude or

  restrict expert testimony from Doctors Busis, Erath and Weisberg,

  and any other relief this Court deems appropriate.

Respectfully Submitted,
Plaintiffs,
*Allstate Insurance Company and*
*Allstate Indemnity Company,*
By their Attorneys,

_____
David O. Brink, Federal Bar No. CT23989
Richard D. King, Jr., Federal Bar No. CT23997
Nathan A. Tilden, Federal Bar No. CT24011
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA  02171
Tel.  (617) 770-2214

Dated: December 9, 2005

## CERTIFICATE OF SERVICE

I, Richard D. King, Jr., attorney for the Plaintiffs, hereby certify that I mailed, via first class mail, postage prepaid a copy of the foregoing documents to:

Ira B. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503-0606

1.    Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11;

2.    Memorandum of Fact and Law in Support of Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11; and

3.    Supplemental Memorandum in Support of Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

_____
Richard D. King, Jr.

Dated:  December _____, 2005