UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 MRK

ALLSTATE INSURANCE COMPANY and )
ALLSTATE INDEMNITY COMPANY )
    Plaintiffs, )
     )
v. )
     )
ARTHUR M. SEIGEL, M.D., )
ARTHUR M. SEIGEL, M.D., P.C., )
and ELLEN SEIGEL, )
    Defendants. )

## ALLSTATE'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR DISCOVERY OF FBI RECORDS

**I.   INTRODUCTION**

Now come plaintiffs, Allstate Insurance Company and Allstate Indemnity Company (hereinafter collectively referred to as "Allstate") and file the within memorandum to clarify the issues raised by the defendants in their Opposition.

**II.   ALLSTATE'S REQUEST**

By its motion for disclosure of FBI records, Allstate seeks the unredacted versions of witness summaries and investigatory summaries defense counsel has confirmed are already in defendants' possession. Accordingly, Allstate is the only party to the instant suit without such materials.

    **1.   Formal Discovery Request**

Contrary to defense counsel's "vague recollection" of conversations regarding "Jencks material", Allstate served defendants with its request for production of documents to Arthur

M. Seigel, M.D. on or about July 24, 2003. In Request No. 3, Allstate requested any and all documents obtained by the defendant from the government related in any way to Dr. Seigel's criminal prosecution. This request was met with defense counsel's ambiguous objection that he was somehow restricted from providing such relevant material. Indeed, Dr. Seigel agreed to provide the requested documentation if Allstate obtained the government's permission. See Arthur M. Seigel, M.D.'s Response to Allstate Insurance Company's First Request for the Production of Documents to the Defendant, Arthur M. Seigel., M.D. Response No. 3, a true ands accurate copy of which is attached at Tab 1. It is Allstate's understanding that the FBI does not oppose the disclosure of the requested records pursuant to a court order, as envisioned under 5 U.S.C. § 552a(b)(ii).

2. **Relevance of Requested Material**

As articulated in its motion, Allstate seeks investigatory materials relevant to the issues in the case at bar. Relevant evidence is defined as:

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 401, Fed. R. Evid.

Moreover, Rule 404(b), Fed. R. Evid., provides that "evidence of other acts may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Application of Rules 401 and 404, leads inevitability to a conclusion that the testimony of the FBI agents, which directly corroborates the allegations Allstate advances in further of its claims (i.e. that Dr. Seigel continuously and intentionally created false medical documentation with the intent to be paid for medical treatment and

testing that was never performed or warranted) is relevant and admissible. The expertly documented interaction between the two undercover FBI agents and Dr. Seigel clearly makes the existence of consequential facts in the case at bar more probable than would be the case without this evidence. Dr. Seigel's corrupt behavior as documented in the FBI investigation constitutes further evidence of Dr. Seigel's motive, opportunity, intent, preparation, plan, knowledge and absence of mistake or accident with respect to Allstate.

### 3. Refutation of Irrelevant Argument

Defense counsel apparently found it appropriate to conclude his memorandum with the following:

> The documentation we have from Allstate itself, indicates that plaintiffs', on behalf of the government, ran around to some of the insureds and sent material to the Case Agent, concerning Allstate insureds claiming they had not been given EMG tests which had been billed.

Defense counsel's speculation clearly has no bearing on Allstate's request for the unredacted FBI documents. Further, Allstate takes seriously counsel's smug mischaracterization of Allstate's cooperation with federal law enforcement. Allstate trusts that the irony of Dr. Seigel crying foul over the perceived conduct of his victim will not be lost on this Court.

## III. CONCLUSION

For all the foregoing reasons as well as those contained in its Motion for Order to Disclose Federal Bureau of Investigation Records, Allstate respectfully requests that the Court find that the records sought are discoverable pursuant to Rule 26. Fed .R. Civ. P, and order their disclosure without further delay.

Respectfully Submitted,
*Allstate Insurance Company and Allstate Indemnity Company,*
By Their Attorneys,

_____
David O. Brink, Federal Bar No. CT23989
Richard D. King, Jr., Federal Bar No. CT23997
Nathan A. Tilden, Federal Bar No. CT24011
Smith & Brink, P.C.
122 Quincy Shore Drive
Quincy, MA  02171
Tel.   (617) 770-2214

Dated: December ____, 2005

## CERTIFICATE OF SERVICE

I, Richard D. King, Jr., attorney for the plaintiffs, hereby certify that I mailed, postage prepaid a copy of the document listed below to:

Ira B. Grudberg, Esq.
David L. Belt, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P.O. Box 606
New Haven, CT  06503-0606

- *Allstate's Reply to Defendants' Memorandum in Opposition to Motion for Discovery of FBI Records.*

_____
Richard D. King, Jr.

Dated: December 8, 2005