UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 JBA

ALLSTATE INSURANCE COMPANY and )
ALLSTATE INDEMNITY COMPANY )
    Plaintiffs, )
)
v. )
)
ARTHUR M. SEIGEL, M.D., )
ARTHUR M. SEIGEL, M.D., P.C. )
and ELLEN SEIGEL, )
    Defendants. )    AUGUST 22, 2003

### ARTHUR M. SEIGEL, M..D.'S RESPONSE TO ALLSTATE INSURANCE COMPANY'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANT, ARTHUR M. SEIGEL, M.D.

**I.   INTRODUCTION**

The plaintiff, Allstate Insurance Company (hereinafter "Allstate"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that the defendant, Arthur M. Seigel, M.D. (hereinafter "Dr. Seigel") produce the following documents for inspection and copying at the offices of counsel for Allstate, David O. Brink, Smith & Brink, P.C., 122 Quincy Shore Drive, Second Floor, Quincy, Massachusetts 02171 within thirty (30) days of receipt of this document.

**II.   INSTRUCTIONS**

    A.   These requests are continuing to the extent specified in Fed. R. Civ. P. 26, should the defendant, or his counsel, obtain further supplemental information/documenation.

B. The defendant shall produce any non-identical copies of any documents or materials responsive to any of these requests, or any subsequent requests.

C. If documents exist but are not produced, the substance of each such document should be set forth and an explanation given as to why the document or documents are not being produced.

D. In the event that the defendant withholds from production any information or document on the grounds of privilege, the defendant shall identify the document or information withheld and shall include an identification and description of the nature of the privilege claimed, and the subject matter of the withheld information or document.

### III. DEFINITIONS

A. **"Allstate Claimant(s)"** shall mean patients of Arthur M. Seigel, M.D. (hereinafter Dr. Seigel) or Arthur M. Seigel, M.D., P.C. (hereinafter "Seigel, P.C.") who were making first party or third party insurance claims against either Allstate Insurance Company or Allstate Indemnity Company, or individuals or company's insured by Allstate Insurance Company or Allstate Indemnity Company.

B. The words **"and"** and **"or"** shall be deemed to mean **"and/or"** and the plural shall include the singular and vice versa.

C. The term **"communication"** means any act or instance of transferring, transmitting, passing, delivering, or giving information, by oral, written, or electronic means, including, but not limited to, notes, letter, telegram, telex, telephone, facsimile, tape, electronic mail, voice mail, or otherwise.

D. **"Create"**, **"created"**, or **"creating"** means to cause to exist, originate, produce, or cause the creation of.

E. As used herein, the terms **"document"** or **"documents"** mean all papers and other tangible items and materials upon which information is recorded or from which information may be obtained and includes all documents that you have in your possession, custody, or control, or have the right to obtain upon request or demand. This definition includes all copies, reproductions and facsimiles of documents and includes, but is not limited to, any and all letters, business cards, advertisements, correspondence, contracts, agreements, bills, orders, receipts, records, books, computer tapes and print-outs, intracorporation communications, memoranda, notes, notebooks, maps, sketches, cablegrams, telegrams, reports, press releases, advertising and promotional literature, prints, drawings, plans, photographs, printed forms, manuals, brochures, lists, publications, catalogues, directories, videotapes, other tape recordings, films, microfilm, and all other writings, including drafts, typings, printings, minutes or copies or reproductions thereof in the possession, custody or control of defendant or any other past or present officer, director, agent, employee consultant, or attorney for defendant or any person acting on behalf of defendant. If copies of documents are not identical for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within the meaning of this definition.

F. **"False medical documentation"** means a medical bill or report that represented that a medical test <u>was</u> performed on one of Dr. Arthur M. Seigel's patients

when, in fact, the medical test <u>was</u> <u>not</u> actually performed on the patient identified in the medical bill or report.

G. When referring to a fact, situation, event or circumstance, **"identify"** means to set forth the time, place, and description thereof, the names of the participants therein and enumerate all documents which refer to or reflect such occurrence.

H. When referring to documents, **"identify"** means to give, to the extent known:

    (1) the title, heading or caption of such document, if any;

    (2) the identifying number(s), letter(s) or combination thereof, if any and the significance or meaning of such number(s), letter(s) or combination thereof;

    (3) the inclusive dates of each such document;

    (4) the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of meeting, etc.) and the number of pages of which it consists;

    (5) the name of each author, addressee, or recipient.

I. When referring to a person, **"identity"** means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4

J.   The term **"person"** means, in the plural, as well as the singular, any natural person, firm, association, partnership, corporation, or other entity. All references herein to any person shall include its employees, agents or representatives of such person or entity.

K.   The term **"relating to"** means referring to, describing, concerning, evidencing, or constituting.

L.   "**You**" and "**your**" shall mean the defendant, Arthur M. Seigel.

IV.   **REQUESTS**

1.   Any and all documents which relate in any way to Allstate claimants and/or false medical documentation created by you, Seigel, P.C. or Ellen Seigel.

**ANSWER: Other than reports with positive findings of testing, which would indicate the test was done, there are no documents known that will in themselves reflect whether there was false medical documentation. Objection to request for documents which "relate in any way to Allstate claimants", since plaintiffs have that information easily at hand, and it would be impossible for defendants to obtain information concerning the large majority of claimed Allstate claimants, and would be totally onerous to search through every file to find some reflection of whether the patient was an "Allstate claimant". If plaintiffs will provide defendants with the names of all asserted "Allstate claimants" with dates of injury, we will promptly produce the requested records.**

2.   Any and all documents, including by way of illustration and not limitation, patient records, medical reports, invoices, "salmon" sheets, nerve conduction

5

study records, needle electromyography records and all other related documents pertaining to Allstate claimants you treated from 1996 through the present including those Allstate claimants detailed in Allstate's Complaint.

**ANSWER: See response and objection to Request No. 1.**

3.  True and accurate copies of any and all documents received by you or on your behalf from the United States Attorneys Office, Federal Bureau of Investigations and/or through the discovery process in any and all criminal actions against you and in particular the criminal action entitled: <u>United States v. Seigel</u> (3:01 CR 274 (AHN)).

**ANSWER: Object to all documents not involving or referring to "Allstate claimants". We further object, even as to "Allstate claimants" if and when we are supplied with such a list. It is the understanding of counsel that any documents produced by the government to the defense in a criminal case, representing the government's investigation, are turned over solely for the purpose of defense of the case, and may not be used otherwise or turned over to others. If plaintiffs obtain from the government permission for defense counsel to turn over documents concerning "Allstate claimants", we will comply.**

4.  Any and all licenses or other certificates issued to you relating to the practice of medicine.

**ANSWER: Produced what was found.**

6

5.  Any and all documents identified, described or referred to in your answers to interrogatories propounded by Allstate in this case.

**ANSWER: Not applicable other than specific request here.**

6.  Any and all documents you intend to offer into evidence at trial and/or at the hearing on plaintiffs' Application for Prejudgment Remedy.

**ANSWER: Unknown at this time.**

7.  Any and all reports, articles, AMA Guidelines, scholarly publications, treatises, or other documents that you intend to rely upon in the defense of Allstate's Application for Prejudgment Remedy and the underlying lawsuit.

**ANSWER: Unknown at this time.**

8.  Any and all documents which relate to and/or which you intend to use to contest, rebut or refute the findings and conclusions of Dr. Busis and/or Dr. Weisberg as set forth in the Affidavits filed by Allstate in support of its Application for Prejudgment Remedy.

**ANSWER: Unknown at this time.**

9.  Any and all documents that indicate in any manner and/or evidence if and when you falsely billed Allstate for electrodiagnostic (needle electromyography and/or nerve conduction) testing that was not performed.

**ANSWER: Not known, both as to the documents and as to the identification of Allstate billings.**

7

10. Any and all documents that indicate in any manner and/or evidence if and when you falsely billed any insurer for electrodiagnostic (needle electromyography and/or nerve conduction) testing that was not performed.

**ANSWER: Not known. In addition, defendants object to any production request involving non-Allstate claimants.**

11. Any and all documents which pertain to and/or evidence the transfer by you of any asset, the value of which exceeded $5,000.00, from the date you first became aware of the government's investigation of you and/or Seigel, P.C. through the present.

**ANSWER: Object. Such production has nothing to do with any of the plaintiffs' claims in its complaint, and could not lead to the discovery of admissible evidence. Until plaintiffs obtain a prejudgment remedy, they are not entitled to inquire into, or production of, evidence and materials concerning defendants' personal finances.**

12. Any and all documents which pertain to and/or evidence any assets in which you have an interest located outside the United States, the value of which exceeds $5,000.00.

**ANSWER: See Response to Request 11.**

13. Any and all bank documents, including but not limited to, bank accounts, brokerage accounts, NOW accounts, IRA accounts, trust accounts, offshore accounts and any other depository accounts which pertain to and/or evidence the transfer of funds in excess of $5,000.00, from the date you first became aware

of the government's investigation of you and/or Seigel, P.C. through the present.

**ANSWER: See Response to Request 11.**

14. Any and all documents which pertain to and/or evidence the collection and subsequent transfer of accounts receivable from the date you first became aware of the government's investigation of you and Seigel, P.C. through the present.

**ANSWER: Objection to the request for "subsequent transfer" for the reasons stated in the response to Request 11. As to documents concerning collection of accounts, objection to any such production involving non-Allstate claimants. If plaintiffs will give us a list and date of injury of all Allstate claimants, we will attempt to comply.**

15. Any and all documents which pertain to and/or evidence accounts receivable in connection with testing/treatment allegedly rendered to Allstate insureds and Allstate claimants.

**ANSWER: See Response to Request 14.**

16. Any and all photographs and/or videotapes depicting the administration and/or performance of electrodiagnostic testing including, but not limited to, needle electromyography and nerve conduction testing.

**ANSWER: None in possession.**

THE DEFENDANT, ARTHUR M. SEIGEL, M.D.

By _____
Ira B. Grudberg (ct00178)
David L. Belt (ct04274)
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange Street
New Haven, Connecticut 06503
Telephone No. (203) 772-3100
Facsimile No. (203) 772-1691
email: igrudberg@jacobslaw.com
email: dbelt@jacobslaw.com

## CERTIFICATION

I hereby certify that the foregoing Response to Production Request has been served by placing a copy thereof in the United States mail, first class postage prepaid, addressed to:

Joel Rottner, Esq.
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134-0890

David O. Brink, Esq.
Richard D. King, Jr., Esq.
Nathan A. Tilden, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive, 2nd Floor
Quincy, MA 02171

this      day of August, 2003.

_____
Ira B. Grudberg