UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

C. A. NO. 303 CV 0577 MRK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY<br>Plaintiffs, | )<br>)<br>)<br>) |
| v. | )<br>) |
| ARTHUR M. SEIGEL, M.D.,<br>ARTHUR M. SEIGEL, M.D., P.C.<br>and ELLEN SEIGEL,<br>Defendants. | )<br>)<br>)<br>) DECEMBER 12, 2005 |

### DEFENDANTS' OPPOSITION TO

### PLAINTIFFS' MOTION TO STRIKE EXHIBIT A

Exhibit A to defendants' Motion for Summary Judgment is provided for the limited purpose of refuting plaintiff's attempt to "group" its claims in an impermissible manner. The Exhibit consists of portions of 80 Allstate claim files, and amply demonstrates that each Allstate claim upon which plaintiffs rest their damage calculation is unique. Plaintiffs will therefore be burdened with proving fraud, reliance and damages as to each.

Exhibit A is cited in exactly two places in defendants' Memorandum. Part III section A of defendant's Memorandum demonstrates, among other things, that Allstate's own expert concludes that Dr. Seigel's presence actually lowered the value of claims when compared to that of comparable specialists. In effect, Allstate misconstrues its own evidence, attempting to frame its damage calculation around a comparison between Seigel cases and all cases, rather than the far more analogous group of cases involving a similar specialist. If Weisberg's analysis demonstrates a notable "specialist effect," and Allstate measures its damages by comparing Dr. Seigel cases to cases without a

specialist, then its calculation cannot possibly be an accurate measure of claimed damages. Here, Exhibit A is cited because it demonstrates that in many, many claims, Allstate adjusters either discounted a claim because of Dr. Seigel's involvement, or gave credit as to only a portion of his bills. Thus, here, consistent with Dr. Weisberg's findings, Exhibit A shows that it is not at all surprising that Dr. Seigel's "involvement" actually lowered the settlement value of a claim. Defendants' claim in this regard, however, does not at all depend on Exhibit A, but rather rests on the conclusions of plaintiffs' own expert.

Defendants also cite Exhibit A at Part III section A note 11 of their Memorandum. Here, the exhibit is similarly used to show that there are individual factual issues related to each of the 197 claims upon which Allstate claims damage. For example, though Allstate's Amended Complaint suggests that it can recover the entire amount of Seigel billing contained in each claim file, its own files suggest that these bills were often substantially discounted prior to a claim being paid. The import of this argument is that in many cases, for example, Allstate seeks recover of $795 for billing it claims to have "paid,"[1] where it discounted Seigel's billing to $295. Each file will therefore present individual issues of fact, and may not be "grouped" into Allstate's amorphous and confusing damage calculation.

Allstate further objects to Exhibit A on the ground that it contains impermissible hearsay. This argument fails for two reasons. First, most of the statements contained in materials supporting Exhibit A are notes and commentary of Allstate employees and agents. To that extent they are admissions of a party opponent and will be admissible at trial. Further, as noted in the Exhibit itself, the entirety of the material supporting Exhibit A comes from Allstate's own claim files as disclosed in discovery. To that extent, most can be offered without regard to their truth but as evidence of the information Allstate

---

[1] As the Court is aware, Allstate claims to have either paid these bills (in the first-party claim context) or to have ultimately become responsible for them (in the third-party claim context).

had in its file when it chose to settle each case. See, e.g., Highlands Ins. Co. v. Allstate Ins. Co., 688 F.2d 398, 404 (5th Cir. 1982) (district court properly charged Allstate with knowledge of the contents of its own policy file). Thus, as to each document submitted with Exhibit, there is a relevant, non-hearsay purpose to its inclusion.

          THE DEFENDANTS
          ARTHUR M. SEIGEL, M.D.; ARTHUR M.
          SEIGEL, P.C.; ELLEN SEIGEL

By_____
   Ira B. Grudberg
   David L. Belt
   Joshua D. Lanning (ct24529)
   JACOBS, GRUDBERG, BELT, DOW & KATZ, P.C.
   350 Orange Street
   New Haven, Connecticut 06503
   Telephone No. (203) 772-3100
   Facsimile No. (203) 772-1691
   email: jlanning@jacobslaw.com

## **CERTIFICATION**

I hereby certify that the foregoing has been served by placing a copy thereof in the United States mail, first class postage prepaid, this 12th day of December, 2005, addressed to:

Joel Rottner, Esq.
Skelley Rottner, P.C.
P.O. Box 340890
Hartford, CT 06134-0890

David O. Brink, Esq.
Richard D. King, Jr., Esq.
Nathan A. Tilden, Esq.
Smith & Brink, P.C.
122 Quincy Shore Drive, 2nd Floor
Quincy, MA 02171



Joshua D. Lanning